(No. 33325.—)
LEONARD OLIVER SURRATT, Appellee, vs. ROSE LEE SURRATT, Appellant.

Opinion filed September 20, 1957.

Marvin Barnes, of Granite City, for appellant.

Gilbert Rosch, of Granite City, for appellee.

Mr. Justice Klingbiel delivered the opinion of the court:

Leonard Oliver Surratt brought suit against his wife, Rose Lee Surratt, in the city court of Granite City, seeking a divorce on the ground of cruelty. The issues were submitted to a jury, which returned a verdict in the plaintiff's favor. From a decree granting the divorce, defendant appeals directly to this court on the ground that a freehold is involved. She contends that cruelty was not adequately shown, and that the division of property made by the court was not sufficiently in her favor.

It is unnecessary to relate in detail the evidence bearing on the issue of cruelty. That produced on the plaintiff's behalf, consisting of the testimony of himself, his daughter

and his step-father, shows that on January 24, 1953, appellant hit him on the chin in the course of an argument; that on the following day she struck him on the side of the head with a fishing-tackle box; that on February 22 she kicked him in the privates; and that on other occasions she struck him, either with her fist or various objects which happened to be at hand. Defendant denied some of the incidents, and to show that others were provoked and justified, she submitted evidence of alleged infidelity by appellee and other acts of cruelty by him toward her. She also testified, as to some of the incidents, that her acts were performed in self-defense.

Defendant argues that because, as to some instances, plaintiff's testimony was not corroborated by other evidence, they are not sufficiently proved as grounds for divorce. The position is without merit. There is no rule requiring corroboration in a case such as this; and if his testimony is sufficiently credible, in the light of opposing evidence, to warrant acceptance by a reasonable person, the court may not direct a verdict or enter judgment notwithstanding the verdict.

Defendant further insists that the acts of cruelty were not shown to have endangered life or limb; that slight acts of cruelty are not sufficient; and that the weight of the evidence is contrary to the finding of the jury. Careful examination of the record discloses ample evidence from which the jury could conclude that defendant was guilty of extreme and repeated cruelty. While the sex of the plaintiff is one of the circumstances to be considered in determining whether acts of violence produced bodily harm, the fact that by exerting a superior strength the husband might have been able to avoid physical injury does not negative the existence of extreme cruelty if the acts in question caused physical pain. The same rules of law apply whether the divorce is sought by the wife or by the husband.

Each case must be considered upon its own facts, including the conduct of the parties before and at the time, their respective physical and mental conditions, and other circumstances relevant to the probable effect of the acts. (*Teal* v. *Teal*, 324 Ill. 207.) In the present case the extreme nature of the cruelty appears not only from the plaintiff's testimony but from the nature of the acts themselves. The jury was fully warranted in finding that the ground for divorce had been proved.

There remains the contention that the property disposition is inequitable. The evidence shows that the property known as the Cleveland Avenue house was purchased in 1941 for a price of $4200, payable in installments. Apparently the plaintiff later conveyed title to the defendant. The property at Pontoon Beach, known as the Lake house, was purchased in 1946 for about $2000, also payable by installments. The title was taken in joint tenancy. The decree awards the Cleveland Avenue property to the defendant and the Lake House to the plaintiff. There is the usual conflict in evidence as to the source of the payments made on the properties. We have examined such evidence and find that it is amply sufficient to warrant the division made.

We conclude that the decree must stand, as to both the property provisions and the dissolution of the marriage. This court would not be justified in reversing a determination which, as here, is dependent upon the weight and credence to be given the testimony of witnesses.

The decree of the city court is correct, and it is accordingly affirmed.

*Decree affirmed.*