(No. 40942.—

ELIZABETH HOFFMANN, Appellee, *vs.* EUGENE V. HOFFMANN, Appellant.

*Opinion filed June 21, 1968.—Rehearing denied Sept. 24, 1968.*

ARTHUR ABRAHAM, BENJAMIN B. GOLDBERG, and LOUIS GOLDBERG, all of Chicago, for appellant.

ANAGNOST & ANAGNOST, of Chicago, (CATHERINE COOK ANAGNOST, GERALD M. CHAPMAN, and EDMUND MOSLEY, of counsel,) for appellee.

Mr. JUSTICE WARD delivered the opinion of the court:

Eugene V. Hoffmann, the appellant, was granted a divorce in the circuit court of Cook County on his cross-complaint for divorce against Elizabeth Hoffmann, his wife and the appellee, on the ground of extreme and repeated cruelty. Elizabeth Hoffmann appealed from that judgment to the Appellate Court for the First District, contending *inter alia,* that the circuit court had erred in denying her petition for a change of venue. The appellate court agreed and reversed and remanded the cause to the circuit court of Cook County. (86 Ill. App. 2d 374.) We granted the appellant's petition for leave to appeal.

On April 13, 1964, Elizabeth Hoffmann filed a complaint for divorce, injunctive relief and alienation of affections, and on September 16, 1964, the appellant presented his cross-complaint for divorce. On October 2, 1964, on the motion of the appellant, the cause was set for trial before

Judge Robert Hunter. On October 26, 1964, Judge Hunter continued the matter on the motion of the appellee and reset it for trial on December 1, 1964, and included in the order the notation "final continuance."

On December 1, 1964, the appellee presented another motion for continuance asserting that she was unprepared for trial since she had been unable to complete certain pretrial discovery actions. The motion was denied and Judge Hunter entered an order assigning the case to Judge James Felt for trial.

Later that morning the appellee renewed her motion before Judge Felt for a continuance, which motion was denied. At the appellee's request, however, Judge Felt held over the proceedings until 2:30 P.M. When the case was then called the appellee moved for a change of venue alleging that she could not receive a fair trial before Judge Felt because the judge was prejudiced against her and this prejudice had first come to her knowledge on that day.

Part of the colloquy on the hearing of the motion was:

"The Court: You say you think it is well taken. [The motion for a change of venue.] Will you state the reasons why you think it is well taken?

Mr. Jares: [For the appellee] By reason of my client's insistence that there be a change of venue, because of the sudden assigning of this case, your Honor, and the fact we are on trial. We are not ready, we have asked for a continuance and we do not feel we can get a fair and impartial trial.

Mr. Abraham: [For the appellant] That statement alone—

Mr. Jares: I am not making this, your Honor, and if you wish to question Mrs. Hoffmann, of course you can.

The Court: Well, counsel, you present a petition, say you will not receive a fair and impartial trial in this

court, and I would like to hear the reason why she believes she would not receive a fair and impartial trial.

Mr. Jares: Would you like to call Mrs. Hoffmann?

The Court: Yes.

Mr. Jares: Mrs. Hoffmann, will you come forward? Swear the witness."

The movant and appellee, Mrs. Hoffmann, in substance, testified that she was not prepared to go to trial and that she was seeking a continuance from the trial court. We believe that the appellate court in its opinion aptly observed: "It is apparent from plaintiff's [appellee's] testimony that plaintiff had no knowledge of prejudice on the part of the court, and the purpose of the petition for change of venue was to obtain a further continuance." The appellate court concluded that "where the petition is proper in form, no inquiry may be made as to the truth of the allegation of prejudice."

We do not quarrel with the statement of the appellate court that a judge should not inquire into the basis of the allegation of prejudice on his part in a motion for a change of venue. This court has declared that typically if the petition for change of venue complies with the statute (Ill. Rev. Stat. 1967, chap. 146, par. 1 *et seq.*), the right to a change of venue, in both criminal and civil cases is absolute. (See *People* v. *Catalano*, 29 Ill.2d 197; *People* v. *Beamon*, 24 Ill.2d 562; *People* v. *Stewart*, 20 Ill.2d 387; and *People* v. *Davis*, 10 Ill.2d 430.) *In People* v. *Shiffman*, 350 Ill. 243, 246, the court observed: "It is not for the judge to determine whether or not he entertains prejudice against the defendant, * * * when a defendant in apt time brings himself within the terms of the statute the trial judge has no discretion as to whether or not a change of venue will be granted. He must allow it as a matter of right. He cannot question the truthfulness or good faith of the charge of prejudice. When the statute has been com-

plied with, the trial judge loses all power and authority over the case except to make the necessary orders to effectuate a change of venue."

However, where it appears that the petitioner has by motions for continuances or other conduct attempted to delay or avoid trial prior to his motion for change of venue, the trial court can inquire into the good faith of the petitioner's motion. (See *People* v. *Mosley,* 24 Ill.2d 565, 569.) If it becomes apparent that the request is made only to delay or avoid trial, the denial of the petition for change of venue does not constitute error. *People* v. *Beamon,* 24 Ill.2d 562; *People* v. *Stewart,* 20 Ill.2d 387; *People* v. *Davis,* 10 Ill.2d 430.

Here, appellee had previously sought continuances before Judge Hunter, one of which was granted and noted as "final continuance", and the other of which was denied on December 1, 1964. Later on December 1, Judge Felt also denied a motion for a continuance. Considering these prior proceedings and the time and manner in which appellee presented the petition, *viz.,* immediately following a denial of a continuance, we deem it was not inappropriate for the trial judge to seek to determine if the motion was made to delay trial. The statements of the appellee's trial counsel and the testimony of the appellee at the hearing on the petition for a change of venue support the conclusion of the appellate court "that the petition was clearly filed for the purpose of delay." We judge that the trial court did not err in denying the petition for a change of venue in view of the plainly evidenced intention of the appellee only to delay the trial. This case closely resembles that of *People* v. *Davis,* 10 Ill.2d 430, when we held that since, in the colloquy relating to the defendant's petition for a change of venue, it became evident that the only purpose of the petition was for delay, it was not error to deny the defendant's petition. Considering the record we cannot say that

the trial court acted inappropriately in denying the appellee's petition for a change of venue.

The appellee also asserts that if she committed extreme and repeated acts of cruelty they were provoked by Dr. Hoffmann and therefore did not constitute grounds for divorce. Further, she complains that the award of alimony was not sufficient and that her motion for continuance on December 1 should have been granted. While, if the conduct of the erring wife had been legally provoked, her husband might not have based his suit for divorce on her acts of cruelty (see 24 Am. Jur. 2d, "Divorce and Separation," sec. 174), it was for the trial court to determine whether sufficient provocation existed and whether the retaliatory conduct was out of proportion to the provocation. (See *Gress* v. *Gress,* (N. Dak.), 148 N.W.2d 166; *Popescu* v. *Popescu,* 46 Cal. App. 2d 44, 115 P.2d 208.) We cannot say that the trial court erred in not finding sufficient provocation for the appellee's conduct.

Here, there was sufficient evidence to find acts of extreme and repeated cruelty on the part of the appellee, and we do not find any evidence that would negate her conduct as a matter of law. The record of the trial court proceedings reveals that the testimony of certain of the witnesses was in conflict. The trial court, which had the opportunity to observe the witnesses, was in a superior position to assess the credibility and weight to be afforded the testimony of the witnesses, and its findings will not be disturbed as they are not contrary to the manifest weight of the evidence. *Curran* v. *Curran,* 19 Ill.2d 164; *Fox* v. *Fox,* 9 Ill.2d 509.

The awarding of alimony is a matter which resides within the sound discretion of the trial court, which here heard and considered the evidence, and it will not be set aside unless it is contrary to the manifest weight of the evidence. (*Surratt* v. *Surratt,* 12 Ill.2d 21.) In Illinois a trial judge can award either permanent periodic alimony or

alimony "in gross." (Ill. Rev. Stat. 1967, chap. 40, par. 19.) Again, upon a review of the record, we cannot say that the trial judge abused his discretion so far as the adequacy of the award is concerned, especially when it is remembered that the appellee was found to have been the party at fault. (See *Fox* v. *Fox,* 9 Ill.2d 509.) Too, it cannot be said that in making an award in gross the trial court acted unreasonably. Additionally, we can find no abuse of discretion in the denial of appellee's motion for another continuance on December 1, 1964.

Therefore, having found no reversible error in the trial court proceedings, we reverse the judgment of the Appellate Court of the First District and affirm the judgment of the circuit court of Cook County.

*Appellate Court reversed;*
*circuit court affirmed.*