JUDY A. KOVACK, Plaintiff-Appellee, *v.* JOHN KOVACK, Defendant-Appellant.

(No. 54188; )

First District—January 21, 1971.

Gerald B. Mullin, of Chicago, for appellant.

Torme & Horwich, of Chicago, (Joseph H. Horwich, of counsel,) for appellee.

Mr. JUSTICE DEMPSEY delivered the opinion of the court:

The plaintiff and the defendant were married in 1959, lived together until 1968, and were divorced in 1969. The divorce was obtained by the plaintiff on the grounds of physical cruelty and she was awarded custody of their eight-year-old child. The defendant contends that the two acts of cruelty alleged by his wife were not extreme and that cohabitation between the acts constituted condonation.

Mrs. Kovack testified that her husband struck her without cause on May 8, 1967, inflicting bruises and marks on her arm and leg. Her

testimony was corroborated by her sister-in-law, who viewed the incident, and by her mother, who saw the bruises several days later. She further testified that he struck her on the arm and across the face on March 3, 1968. Her testimony regarding the latter date was corroborated by the same witnesses. The defendant denied both incidents.

■■ The trial court found that the defendant committed the two acts of cruelty. Two acts of physical violence resulting in pain and bodily harm, committed on separate occasions, are sufficient grounds for divorce. *Tuyls v. Tuyls*, 21 Ill.2d 192, 171 N.E.2d 779 (1961); *Varap v. Varap*, 76 Ill.App.2d 402, 222 N.E.2d 77 (1966). It is the province of the trial court to determine whether there has been adequate evidence to establish the contention of either party. Since the court has the opportunity to hear the testimony, view the witnesses and weigh their credibility, a reviewing court will not overturn the trial court's finding unless it is against the manifest weight of the evidence. *Hoffman v. Hoffman*, 40 Ill.2d 344, 239 N.E.2d 792 (1968). The court's conclusion that the defendant was guilty of extreme and repeated cruelty was sustained by the evidence.

■■■ The defendant further contends that even if acts of cruelty were committed, the resumption of the marital relationship after the occurrence of the first act comprised condonation. Condonation, in the law of divorce, is the forgiveness of an antecedent matrimonial offense on the condition that it shall not be repeated and that the offender shall thereafter treat the forgiving party with conjugal kindness. *Ollman v. Ollman*, 396 Ill. 176, 71 N.E.2d 50 (1947); *Quagliano v. Quagliano*, 94 Ill.App.2d 233, 236 N.E.2d 748 (1968). The plaintiff testified that she and the defendant did live as man and wife after the act of May 8, 1967, but ceased doing so after the second act of cruelty on March 3, 1968. If the condition is violated and the offense repeated, the earlier act is then revived. *Roback v. Roback*, 59 Ill.App.2d 222, 207 N.E.2d 130 (1965).

■■ The defendant next contends that there was condonation after the second alleged act of cruelty. He testified that he had sexual relations with his wife from March 3, 1968, until June 1968, when she left their home. The plaintiff testified that during that period she and her husband lived in the same apartment, but that she did not cook for him, launder his clothes, nor have sexual relations with him. After June 1968, she moved from the apartment. The plaintiff's witnesses corroborated her testimony. Condonation is an affirmative defense and must be proved by the defendant. *McGaughy v. McGaughy*, 410 Ill. 596, 102 N.E.2d 806 (1952). Whether the defense has been established must be decided by the trier of facts. Again, this involves appraising the credibility of the

witnesses and weighing their testimony. The trial court's decision that the defendant did not prove condonation was not against the weight of the evidence.

The judgment is affirmed.

Judgment affirmed.

McNAMARA, P. J., and SCHWARTZ, J., concur.