Bob G. Spencer, Plaintiff-Appellee, *v.* Patricia Ann Spencer, Defendant-Appellant.

(No. 54614;

First District—March 3, 1971.

Joslyn & Green, of Woodstock, for appellant.

Barclay, Damisch & Sinson, of Chicago, (John W. Damisch and Loretta C. Didzerekis, of counsel,) for appellee.

Mr. JUSTICE DIERINGER delivered the opinion of the court:

This is an appeal from an order of the Circuit Court, denying the petition of Patricia Ann Spencer, defendant, seeking a modification of a decree of divorce, wherein she sought permission of the court to permanently remove her children from Illinois to Missouri. A second conditional order was entered by the court, also appealed, giving the plaintiff, Bob G. Spencer, custody of the children if the mother moved from the Chicago or the McHenry area.

The plaintiff, Bob G. Spencer, was granted a divorce on December 1, 1967, from the defendant, Patricia Spencer, on the grounds of desertion. The defendant was granted custody of the two children of the marriage, Mark, then nine years of age, and Kimberly, then six years of age. The defendant, now Patricia Spencer Mains by reason of a second marriage, filed a post-decree petition for modification of the decree of divorce, seeking to permanently remove the children, now in her custody, from Illinois to Missouri. Bob G. Spencer filed an answer to the petition for modification and also filed a cross-petition, seeking an order transferring custody of the children to himself. On August 26, 1969, the court denied the petition to remove the children from Illinois and conditionally denied the cross-petition. Custody was to be awarded to the father, Bob Spencer, in the event the mother moved out of the Chicago or McHenry area.

The issues on appeal are whether the trial court correctly found, based on the evidence, that it was in the best interests of the children that they remain in the Chicago or McHenry area; and did the trial court, in the proper exercise of its discretion and based upon the evidence, correctly find that in the event Patricia Spencer permanently left the Chicago or McHenry area, the best interests of the children would be served by placing their care and custody with their father, Bob Spencer.

On December 23, 1967, Patricia Spencer married James E. Mains, who was engaged in the banking business. He formerly had positions with banks in Pennsylvania and Ohio and most recently was the president of the Des Plaines Trust & Savings Bank. He is now active in developing real estate in the McHenry area and is not employed as a banker. Shortly after their marriage, Mr. Mains acquired 320 acres of wooded land in Camdenton, Missouri, which he intends to develop. It is for this reason he wants to take his family to Camdenton. There is also a pos-

sibility he will take a position with a bank in the Camdenton area. There is no question about Mr. Mains' financial ability to support his family, or the fitness of Mrs. Mains as a mother taking good care of her children.

Bob Spencer has also remarried since the divorce decree. His wife has three children by a previous marriage, and they have an infant of their own. Mr. Spencer has exercised his visitation rights by spending every other week end with Mark and Kimberly, at his home with his new wife and four children. He has also made his support payments with reasonable regularity, and there is no question about his being a fit parent. His new wife attends the Catholic church and is raising her children according to that faith.

The evidence discloses that Mr. and Mrs. Mains have provided a proper home for the children in all respects, the home being well kept and the children appear to be well fed, according to Bob Spencer's own testimony. The children attend a Protestant church regularly with their mother and are being raised according to that faith.

■■ The law permits the removal of children to another state as long as it is in the best interests of the children and as long as the conditions of the court are respected. (*Schmidt v. Schmidt* (1952), 346 Ill.App. 436.) The *Schmidt* case is factually similar to the present one, where the mother was awarded custody of the child pursuant to a divorce decree. Five years later she petitioned the court to permit her to remove the child from the State of Illinois upon her remarriage, in order to provide a suitable home for the child with her new husband. The father cross-petitioned, seeking full custody of the child. The Appellate Court upheld the order of the chancellor, which provided, in effect, that it was for the best welfare of the child to continue to live with his mother, and that she be permitted to take him to Schenectady, with further provisions for visitation with the father, the mother paying the costs of transportation for the visitation periods. The order further provided for a surety bond by the mother of $1,000, conditioned upon her complying with the terms of the order, the court retaining jurisdiction of the subject matter.

■■ Before a court can modify a decree pertaining to the custody of children, there must be such a change of circumstance that affects the welfare of the children. In *Maupin v. Maupin* (1950), 339 Ill.App. 484, the court said (p. 488):

"A decree fixing the custody of a child is final on the conditions then existing and should not be changed afterwards, unless on altered conditions since the decree, or on material facts existing at the time of the decree, but unknown to the Court, and then only for the welfare of the child."

The welfare of children is determined from the evidence, and the court will look to the best interests of the children, including the stability of their everyday lives. In the instant case the children have been with their mother all of their lives, the boy now being thirteen years of age, and the girl being ten years of age. There is no evidence in this record to justify taking the children from the mother, who devotes all of her time to their welfare, and placing them with the father, where there are already four children to be cared for by the second wife. Then, too, there is a conflict in religious beliefs between the two homes, and we believe it may cause instability amongst the children to make such a drastic change in their home life.

No evidence was produced at the trial to show the children would suffer in any respect if they move from Illinois to Missouri or even if they move from the Chicago or McHenry area to another area. To support his argument, plaintiff unjustly labels Mr. Mains as a "rolling stone" because he has moved around, and cites *Painter v. Bannister* (Iowa 1966), 140 N.W.2d 152. In that case the father's home was described as "unconventional, arty, Bohemian." Certainly this does not apply to Mr. Mains, who has been a successful banker and is now engaged in selling real estate. A man is entitled to take advantage of economic opportunity, whether he be employed by a company or as a sole proprietor of his own business. He has a right to move around wherever his best opportunities for livelihood may be found and, of course, to have his family with him.

Plaintiff also cites *Levy v. Levy* (1969), 117 Ill.App.2d 194, where the child had a severe emotional problem and regressed while in the custody of one parent. This case is not in point, the children in the instant case appearing to be well adjusted in school and living normal lives.

We find there was no basis in the evidence for a denial of the mother's petition to remove the children from Illinois; neither was there any basis for a conditional change of custody if the mother moved from the Chicago or McHenry area, and the same is against the manifest weight of the evidence. We believe it is to be for the best interests of the children that they stay with their mother, as they have been all of their lives. Mr. and Mrs. Mains have offered to pay the transportation costs of the children to visit their father at reasonable times. They have also offered to undertake the full support of the children, thereby relieving the father of that burden. In addition, they have offered to post a surety bond of $1,000 to insure the faithful performance of the orders of the Circuit Court of Illinois. We think this is fair and reasonable and adequately provides for the father's right to visit with his children.

For the reasons stated, we are reversing the order of the Circuit Court denying the petition to modify the decree and also reversing the

conditional order granting custody to the father, with directions that the Circuit Court entered an order denying the father's cross-petition in its entirety and allowing the mother's petition for leave to move the children from the State of Illinois. Provisions for the right of visitation at the expense of the mother and stepfather, for the support of the children by them, and for the posting of the surety bond, as above indicated, should be entered. We are remanding this cause to the Circuit Court with such directions.

Reversed and remanded with directions.

ADESKO, P. J., and BURMAN, J., concur.