DONNA JO MILLS, Plaintiff-Appellee, *v.* CARROLL W. MILLS, Defendant-Appellant.

(No. 57617;

First District (4th Division)—July 11, 1973.

Eugene R. Ward, of Chicago, for appellant.

Ryan and Connolly, Associates, of Franklin Park, (Matthew J. Ryan, of counsel,) for appellee.

Mr. JUSTICE ADESKO delivered the opinion of the court:

Donna Mills brought an action for divorce against Carroll Mills, charging him with extreme and repeated physical cruelty. After a bench trial, the court entered a decree for divorce on behalf of the plaintiff. On appeal defendant contends that:

> (1) The alleged acts of cruelty were insufficient to endanger plaintiff's life or limbs or to raise a reasonable apprehension of great bodily harm;
>
> (2) The marital real estate should not be awarded to the plaintiff; and
>
> (3) The trial court was not justified in awarding fees to plaintiff's attorney.

Plaintiff and defendant were married on June 14, 1958. Two children were born of the marriage and the defendant adopted two other children by the plaintiff's previous marriage. Plaintiff testified that on May 2, 1971, she and defendant had an argument during which defendant "got me by the hair of the head and pulled me down on the bed." Plaintiff further testified that on June 6, 1971, defendant slapped her across the arm and pushed her against the wall. The parties' daughter, Shirley Mills, corroborated plaintiff's testimony. Defendant denied both incidents but admitted that he pushed the plaintiff away. After the June 6, 1971 argument, the parties ceased to live together.

Defendant's first contention on appeal was that the alleged acts of cruelty were insufficient to endanger plaintiff's life or limbs as to raise a reasonable apprehension of great bodily harm. In *Kovack v. Kovack*, 131 Ill.App.2d 382, 268 N.E.2d 258, at page 384, the court expressed the following language which we find appropriate to the case at bar:

> "The trial court found that defendant committed the two acts of cruelty. Two acts of physical violence resulting in pain and bodily harm, committed on separate occasions, are sufficient grounds for divorce. *Tuyls v. Tuyls*, 21 Ill.2d 192, 171 N.E.2d 779 (1961); *Varap v. Varap*, 76 Ill.App.2d 402, 222 N.E.2d 77 (1966). It is the province of the trial court to determine whether there has been adequate evidence to establish the contention of either party. Since the court has the opportunity to hear the testimony, view the witnesses and weigh their credibility, a reviewing court will not overturn the trial court's finding unless it is against the manifest weight of the evidence. *Hoffman v. Hoffman*, 40 Ill.2d 344, 239 N.E.2d 792 (1968). The court's conclusion that the defendant was

guilty of extreme and repeated cruelty was sustained by the evidence."

■■ Defendant's second contention on appeal was that the marital real estate should not be awarded to the plaintiff except under special circumstances. Section 18 of the Divorce Act provides in pertinent part that:

"The court may order the husband * * * to pay to the other party such sum of money, or convey to the party such real or personal property, payable or to be conveyed in gross or by installments as settlement in lieu of alimony, as the court deems equitable." Ill. Rev. Stat. 1969, ch. 40, par. 19.

A showing of special circumstances is unnecessary when the court orders a conveyance or transfer of property in lieu of alimony. (*Persico v. Persico*, 409 Ill. 608, 612, 100 N.E.2d 904; *Smothers v. Smothers*, 25 Ill.2d 86, 87, 182 N.E.2d 758; *Schwarz v. Schwarz*, 27 Ill.2d 140, 149, 188 N.E.2d 673.) Plaintiff was entitled to alimony and the court could reasonably deem the conveyance an equitable one, as a settlement in lieu of alimony.

■■■ Defendant's third contention was that the trial court was not justified in awarding fees to plaintiff's attorney. The allowance of attorney fees in a divorce proceeding is within the sound discretion of the trial court and unless such discretion is abused its exercise will not be interfered with. (*Furth v. Furth*, 5 Ill.App.3d 73, 76, 283 N.E.2d 102.) Section 15 of the Divorce Act provides for the allowance of attorney fees for defense of an appeal. (*Waltrip v. Waltrip*, 3 Ill.App.3d 892, 897, 279 N.E.2d 405.) In the case at bar the trial court heard evidence on the financial status of the parties and considered the extent and character of legal services rendered. We can find no abuse of discretion by the trial court.

For the reasons given, the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN, P. J., and DIERINGER, J., concur.