CATHLEEN TANDY, Plaintiff-Appellee, *v.* WILLIAM TANDY, Defendant-Appellant.

First District (1st Division)    No. 61217

Opinion filed September 7, 1976.

Charles A. Marshall, Jr., of Chicago, for appellant.

Michael J. Goldstein and Bernard E. Schaner, both of Chicago, for appellee.

Mr. JUSTICE BURKE delivered the opinion of the court:

This is a divorce action by Cathleen Tandy against William Tandy on the grounds of physical and mental cruelty. The court granted the plaintiff a divorce, awarded her custody of the parties' minor child, support for the child and permission to remove her from the jurisdiction with the intent of mother and daughter to reside in California. The defendant appeals contending that: (1) the court erred in granting the plaintiff a divorce because there was insufficient evidence to sustain either of the grounds alleged, physical and mental cruelty; and (2) because there was no showing that the removal of the child to California would be in the best interests of the child. We will limit our discussion to the allegation of physical cruelty.

Cathleen and William Tandy were married on May 25, 1968, in Evergreen Park, Illinois and lived there as husband and wife until April of 1973 when Cathleen filed this suit for divorce. The marriage resulted in one child, Karin, born December 4, 1969. Mrs. Tandy and Karin moved to Goleta, California in November, 1973, about seven months before the entry of the divorce decree. Mrs. Tandy testified that a number of her relatives live in California and that she now has a job there. She testified that she had suffered from colds, sinus problems and pneumonia prior to moving to California and that her health had improved since moving there. She also testified that Karin had suffered from frequent colds prior to moving there, but she has had excellent health since moving to California. William Tandy has remained at 9247 South Trumbull Avenue in Evergreen Park throughout the proceedings. He testified that the plaintiff had taken "very fine care" of their daughter and he has not asked for custody of her.

Cathleen Tandy testified that on February 11, 1971, she and defendant had an argument, she told the defendant she was leaving, took their child and left the house. She went to start the family car but the defendant came out of the house, opened the hood of the car and ripped out the wires so the car would not start. She then started walking toward the bus stop with their 14-month-old child in her arms. The defendant told her to stop and she refused. He then came up behind her and struck her in the side, knocking her to the pavement. A passerby stopped and apparently called the police who arrived and took them to the police station. Mrs. Tandy testified that she suffered bruises to her shoulder and side as a result of the altercation. The defendant testified that he had tried to stop her from leaving by pulling the coil wires from the family automobile but denied striking her on that occasion. He testified that he had put his arms around her and pulled her down and she did not hit the ground hard. He remembered the police arriving and going to the police station after the incident.

Mrs. Tandy testified to a second incident which took place on April 2, 1973. She testified that the defendant approached her before leaving the house for work and stated, "Can we screw tonight?" She then replied, "There's no way I'm going to have any relations with you when you put it in that manner. You make me feel dirty." She testified that the defendant started "ranting and raving" and grabbed her arm and twisted it behind her back. It gave her a great deal of pain and caused bruises. The defendant testified that he did not say to her, "Let's screw." He testified that he said to her on that occasion, "What does a man have to do around this house for consideration?" He testified that he had never hit the plaintiff. The court found that the plaintiff had proven her charges of both physical and mental cruelty (we have not discussed the evidence pertaining to the latter ground) and stated that it found the defendant's testimony "lacking in candor and unbelievable."

■■ Defendant contends that the evidence does not support a finding of physical cruelty because the alleged acts were not of a sufficiently serious nature and were provoked by the plaintiff. This court said in *Farah v. Farah*, 25 Ill. App. 3d 481, 490, 323 N.E.2d 361, 367:

> "Physical cruelty may not be built upon trifling and insignificant incidents. On the other hand, it need not be shown that the physical cruelty was so aggravated as to gravely endanger the life or limb of the spouse upon whom it has been inflicted. 'Two acts of physical violence resulting in pain and bodily harm, committed on separate occasions, are sufficient grounds for divorce.' "

(See also *Surratt v. Surratt*, 12 Ill. 2d 21, 145 N.E.2d 594; *Kovack v. Kovack*, 131 Ill. App. 2d 382, 268 N.E.2d 258.) The plaintiff in the instant case testified that both of the acts complained of resulted in pain and bodily harm in the form of bruises. While the defendant denied ever striking the plaintiff, the credibility of the witnesses is for the finder of fact to determine and a reviewing court will not reverse its finding unless that finding is against the manifest weight of the evidence. (*Farah v. Farah*, 25 Ill. App. 3d 481, 323 N.E.2d 361; *Kovack v. Kovack*, 131 Ill. App. 2d 382, 268 N.E.2d 258.) Although the plaintiff was the only witness to testify to the defendant striking her on these two occasions, corroboration of such incidents by third parties is not necessary in contested divorces. (*Surratt v. Surratt*, 12 Ill. 2d 21, 145 N.E.2d 594; *Farah v. Farah*, 25 Ill. App. 3d 481, 323 N.E.2d 361.) Defendant contends that even if these two incidents of physical cruelty did take place, they were both provoked by the plaintiff. While provocation is a defense to a charge of physical cruelty, provocative, abusive or insulting language or even threats without an overt act do not justify a physical assault. (*Wesselhoeft v. Wesselhoeft*, 369 Ill. 419, 17 N.E.2d 56; *Brown v. Brown*, 265 Ill. 546, 107 N.E. 113.) In reviewing the record we do not find evidence of acts by the plaintiff

which would have justified either of the physical assaults by the defendant. We are of the opinion that the evidence supports the court's finding that the defendant was guilty of physical cruelty. It is unnecessary to discuss the additional charge of mental cruelty.

■■ The defendant's remaining contention is that the court erred in allowing Karin to be removed from Illinois because there was no showing as required by statute that this move was in the child's best interest. (Ill. Rev. Stat. 1973, ch. 40, par. 14.) The record shows that seven months before the divorce decree was entered allowing the child to live outside Illinois, the plaintiff and the child had moved to Goleta, California. The plaintiff had relatives in California and had obtained a job there. The defendant has not opposed placing the child in her mother's custody, but only objects to allowing the mother to remove the child to California where it will be difficult for him to visit his daughter. In two recent cases this court has held that where one of the parents has been awarded custody of the parties' child and there is no showing that the award was against the child's best interests, a court should not oppose removal of the child from Illinois where the parent granted custody has moved or desires to move to another jurisdiction unless there is a specific showing that the move would be against the child's best interests. (*Garland v. Garland,* 19 Ill. App. 3d 951, 312 N.E.2d 811; *Spencer v. Spencer,* 132 Ill. App. 2d 740, 270 N.E.2d 72.) The holdings in these cases reflect that it is generally in a child's best interest to remain with the parent in whose custody the court has determined to place it. The defendant has not attacked the court's decision to grant the plaintiff custody of their child and in fact testified at trial that the plaintiff had taken "very fine care" of their daughter. The defendant has suggested no reasons why it would not be in the child's best interest to move to California except that it would be more difficult for him to visit her there. The plaintiff testified that her daughter's health had improved since moving to California. A child's health is also a basis for allowing the removal of a child from the jurisdiction. (*Hickey v. Hickey,* 31 Ill. App. 3d 257, 333 N.E.2d 271.) We are of the opinion that the court acted properly when it approved the plaintiff's removal of her child from the jurisdiction.

Pursuant to the motion of appellee, Cathleen Tandy, which motion was taken with the case, costs of preparing and filing additional excerpts from the record in the amount of $55.72 are taxed against appellant, William Tandy.

For the reasons stated the judgment is affirmed.

Judgment affirmed.

GOLDBERG, P. J., and SIMON, J., concur.