PEGGY STEEN, Plaintiff-Appellee, *v.* DAVID STEEN, Defendant-Appellant.

Third District   No. 78-191

Opinion filed November 20, 1978.

Ronald J. Dusenbury, of Kankakee, for appellant.

Joseph R. Yurgine, of Kankakee, for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Defendant-respondent David Steen appeals from a judgment of the Circuit Court of Kankakee County providing for the dissolution of the marriage of the parties and, also, providing for maintenance and child support. The trial court found that without cause or provocation by the plaintiff-petitioner, Peggy Steen, the respondent had been guilty of extreme and repeated physical cruelty. The court also granted Peggy Steen an award of $70 per week for maintenance and $22.50 per week as child support for each of the two parties' three minor children, placed in custody of Peggy Steen. Because of the timing of the procedures in this case, the action is governed by the 1977 Illinois Marriage and Dissolution of Marriage Act (Ill. Rev. Stat. 1977, ch. 40, par. 101 *et seq.*).

On appeal in this court, respondent contends that the record failed to support the charge that he was guilty of extreme and repeated physical cruelty without provocation. It is also contended that the trial court abused its discretion in allowing petitioner's attorney to cross-examine his own witness, and, also, in allowing petitioner's attorney to recall petitioner for further testimony in the course of the trial. There is also involved in the cause the issue of whether the trial court abused its discretion in ordering respondent to pay maintenance and child support in this cause.

At the hearing on the petition for dissolution of the marriage, which was held on October 1 and October 2, 1977, petitioner testified to at least four incidents of physical cruelty. She stated that on August 20, 1977, when she returned home from work at approximately 11:30 p.m., she found the doors to the marital residence tied shut with dishtowels. Petitioner asked respondent to let her in the house, but respondent refused and told her to leave or he would beat her, according to petitioner's testimony. She said that the respondent then came outside the house and pulled the wires on petitioner's automobile and slammed the garage door on petitioner's foot while holding pressure on the door and the foot. Petitioner said she then broke the window (apparently of the garage door) and pushed

respondent away and got her foot out of the door. She said her foot was swollen and black and blue. She also said that she did not provoke respondent's conduct.

Respondent testified, as to this incident, that he was trying to close the garage door and that petitioner was trying to open it and that in the "tussle" as the garage door was going down, petitioner voluntarily put her foot under the door to keep it from closing. Respondent stated that he did not see petitioner put her foot under the door at first, but that when he discovered it, he raised the garage door for petitioner to remove her foot, but she refused to do so for 15 minutes. Respondent also denied putting any pressure on the door and stated that petitioner attempted to strike him by putting her fist through the window.

Petitioner testified that on another occasion in August of 1977, prior to the August 20 incident, respondent grabbed petitioner's arms and struck her. Petitioner said this hurt her arm and also stated that she had not done anything to provoke the incident. Respondent contended that he grabbed his wife as a show of affection and to attempt to make up to her.

Petitioner also testified to another incident in 1972, when respondent struck her and broke her eardrum. Respondent, however, denied ever striking petitioner except that he did strike her on one occasion in 1969.

After petitioner had testified, the attorney for the petitioner called another witness and then recalled petitioner. Respondent objected and petitioner there then moved to reopen the evidence and the court granted such motion and permitted her to do so. When petitioner was recalled, she testified that around July or August of 1977, while she was home in bed, respondent came home and, without saying a word, picked her up and threw her into the hallway. Petitioner said she felt physically very upset as a result of the incident and, also, said that she did nothing to cause or provoke the incident. The court found that the charge of physical cruelty had been proven by a preponderance of the evidence and the trial court entered judgment granting dissolution of the marriage, on November 3, 1977.

At a subsequent hearing on maintenance and child support, respondent testified that his gross pay was $218 a week, at the rate of $7.09 per hour. He said that he cleared $193 a week. Petitioner, however, introduced, as an exhibit, an IBM printout which contained the gross earnings for 1977 (through December 4, 1977), where such earnings were listed as $18,041.16. The respondent stipulated that those were his earnings, but objected that this was not relevant because respondent had done a lot of overtime work in 1977, and contended that it could not be assumed that he would work any overtime in 1978. Following the hearing, on December 20, 1977, the trial court ordered respondent to pay $70 a

week maintenance and $22.50 a week in child support for each of the three minor children. A motion to vacate the judgment dissolving the marriage was denied by the trial court.

The trial court, in the memorandum at the time of such denial, detailed the four incidents testified to by petitioner and stated that in each incident there was evidence of pain either by direct testimony or by reasonable inference from the testimony. Under the Divorce Act in force prior to the recent 1977 Illinois Marriage and Dissolution of Marriage Act, physical cruelty was required to be established by a preponderance of the evidence that the guilty party had, on at least two separate occasions, committed acts of physical violence against his spouse, resulting in pain and bodily harm. (*Tuyls v. Tuyls* (1961), 21 Ill. 2d 192, 195, 171 N.E.2d 779.) The acts in the *Tuyls* case, which the court found sufficient to establish physical cruelty, were that defendant had struck the plaintiff on three or four occasions, resulting on one occasion, in bruises to the plaintiff and on another occasion, in bleeding about the mouth. (*Tuyls*, 21 Ill. 2d 192, 194.) While the old Divorce Act was repealed, the new Marriage and Dissolution of Marriage Act continues the grounds for divorce which were contained in the preceding act. For such reason, the decisions of the courts of this State, construing the grounds specified, such as "extreme and repeated" cruelty, under the old act, are an aid in determining whether or not any such issues have been proven under the new act (since the language as to the grounds for divorce has been retained in the new act).

■■ The evidence in the instant case indicated that respondent, on four separate occasions, committed acts of physical violence against his spouse which resulted in pain and, on at least two of those occasions, there was bodily harm. We refer to the situation when the garage door was lowered on the foot of the petitioner and to the occasion when petitioner was struck by respondent causing a broken eardrum. We can determine, from the evidence that petitioner incurred pain and bodily harm from those incidents, and possibly from the other incidents referred to. As a matter of fact, in Illinois cases, specific bodily harm is not required to be proven in detail if there was evidence of striking of the individual complaining of an act of cruelty which obviously caused physical pain. *Surratt v. Surratt* (1957); 12 Ill. 2d 21, 22-23, 145 N.E.2d 594.

■■ ■ The trial court observed and heard the witnesses testify and is in a much better position to determine the credibility of the witnesses than a court of review. The trial court's findings, therefore, on credibility, should be upheld unless manifestly contrary to the weight of the evidence. We conclude that petitioner proved, by a preponderance of the evidence, that respondent was guilty of committing acts of physical violence

on at least two separate occasions which resulted in pain and bodily harm. There was also clear evidence that there was no provocation for the acts which occurred.

■ Respondent contends that the trial court abused its discretion in allowing the attorney for the petitioner to cross-examine his own witness and to recall petitioner on two separate occasions. We find no error in the procedures in the examination of petitioner and respondent. This is an area which is discretionary with the trial court and a case may be opened up for further evidence in the discretion of the trial court. A court of review will not interfere with such discretion, unless there is clearly an abuse of such discretion, which is not present in the instant case. *Continental Illinois National Bank & Trust Co. v. Village of Park Forest* (3d Dist. 1972), 4 Ill. App. 3d 811, 282 N.E.2d 167.

A final contention is made that the trial court abused its discretion in ordering respondent to pay $70 a week maintenance and $22.50 a week child support for each of the three minor children. This makes a total of $137.50 per week. Respondent contends that his gross salary was $218 a week and that after taxes it was $193 per week. He also testified that he earned $7.09 per hour. If he worked 40 hours he would earn $283.60. An amount of $193.50 was shown in the IBM record of respondent's pay for one period, as we have noted, but it also showed that he earned $18,041.16 in the previous year (through December 4, 1977). Petitioner proved monthly expenses for her and the three minor children of $767 per month (approximately $192 per week). On the basis of the record, the court was well advised as to the financial situation of the parties, and the order for maintenance and child support awards appeared to be justified by the earnings of the respondent and the factors which normally should be considered in determining the amount of such maintenance and child support awards.

■■ For the reasons stated, therefore, we conclude that respondent was proven guilty of extreme and repeated physical cruelty by a preponderance of the evidence, without provocation on the part of the petitioner, and that the trial court did not abuse its discretion in allowing petitioner to reopen her case or in granting the maintenance and child-support awards referred to. The judgment of the trial court in ordering dissolution of the marriage and awarding maintenance and child support in the amounts specified herein, is, therefore, affirmed.

Affirmed.

BARRY, P. J., and SCOTT, J., concur.