SARAH E. FERRIS

*v.*

WILLIAM FERRIS.

1. ADMINISTRATION — *notice of proceeding to remove administrator — waiver.* Where the administrator of an estate appears, on a notice of proceedings in the county court for his removal, by a creditor, and obtains time, and finally appeals from the order of the county court, he can not be allowed to insist that the notice of the proceeding was insufficient. The sufficiency of the notice be-comes wholly immaterial in such case.

2. BILL OF EXCEPTIONS—*necessary when finding of the court below is assigned for error.* When the finding of the court below as to facts is assigned for error, the party should preserve the evidence heard, by bill of exceptions, or this court can not inquire into the alleged error.

APPEAL from the Circuit Court of Whiteside county; the Hon. W. W. HEATON, Judge, presiding.

This was an application made by William Ferris, appellee, for the removal of Sarah E. Ferris, administratrix of the estate of James Ferris, deceased, William Ferris being a creditor of the estate. Notice of the application was published, which, it is contended by appellant, is insufficient. The record shows, that on the 20th of November, 1876, Sarah E. Ferris, (the appellant here,) by her attorney, moved the county court to con-tinue the cause, and it was continued until Monday, November 27, 1876, when appellant again appeared in the county court by attorney, and upon her motion, the cause was continued until December 4, of that year. On December 4, 1876, the cause was again continued, upon her motion, until Thursday, the

seventh of that month. On that day, December 7, 1876, the record shows that she made a report as administratrix, which was not approved, and the court ordered that she should show cause, by December 11, 1876, why she should not be removed and her letters revoked, for the following causes: "first, failing to make the settlement of her accounts as administratrix, in pursuance of the notice; second, in mismanagement of the estate, in failing, in a period of more than four years, either in doing anything towards the settlement of said estate, or causing her co-administrator to cause said estate to be settled." On December 11, the cause was heard, the petitioner and administratrix appearing by their attorneys, and the county court ordered that "Sarah E. Ferris, administratrix, having failed to show cause why she should not be removed as administratrix, it is hereby ordered, that the said Sarah E. Ferris be and she is hereby removed from the administration of James Ferris, deceased." The following causes are hereby assigned for such removal: First, failure to make statement of her accounts as administratrix, in pursuance of notice to make such statement; second, for mismanagement of said estate in failing, for the period of four years, either to do any thing or act towards settling said estate, or causing her co-administrator to cause said estate to be settled. From this order Sarah E. Ferris appealed to the circuit court of Whiteside county, which appeal was allowed and perfected.

At the March term of the circuit court, the records show that the cause came on for hearing and was submitted to the court without the intervention of a jury, by consent, and, after hearing, it was ordered by the court that the order of the county court be affirmed, and that Sarah E. Ferris pay the costs of the proceeding.

From this judgment Sarah E. Ferris appeals to this court.

Mr. C. L. SHELDON, for the appellant.

Messrs. MANAHAN & WARD, for the appellee.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

It is insisted by appellant, that the notice bringing appellant into the county court on the application for her removal as administratrix, was insufficient, and second, that on the proofs in the circuit court, the judgment of the county court ought not to have been affirmed. The only office of the notice was, to bring appellant, Sarah E. Ferris, before the court. The fact that she appeared, and on her motion had the cause continued from day to day, and finally appeared and had a trial in that court, renders the question of the sufficiency of the notice wholly immaterial.

Whether the finding of the circuit court was in conformity with the evidence produced before that court, can not be inquired into in this court, for the reason, that the evidence before the circuit court is not preserved in the record by bill of exceptions or in any other way.

Finding no error in the record, the judgment must be affirmed.

*Judgment affirmed.*