In the Matter of Estate of Elizabeth Burger, Deceased. Alice Danner, Appellee, v. Elizabeth M. Jacobs, as Administratrix of Estate of Elizabeth Burger, Deceased, Appellant.

**Gen. No. 47,208.**

First District, Second Division.

March 18, 1958.

Released for publication April 18, 1958.

Sidney J. and Arthur Wolf, of Chicago, for appellant.

Defrees, Fiske, O'Brien, Thomson & Simmons, and Maurice Lavine, all of Chicago (Vincent O'Brien, and William T. Hart, of counsel) for appellee.

JUSTICE MURPHY delivered the opinion of the court.

This is an appeal from an order of the Superior Court, revoking letters of administration on a trial *de novo,* on an appeal from the Probate Court on a similar order.

Elizabeth Burger died intestate on January 27, 1954, and Elizabeth Jacobs, daughter of a surviving sister of decedent, was appointed administratrix on February 4, 1954. An inventory was filed on May 24, 1954. A petition to remove the administratrix was filed in the Probate Court on November 18, 1955, by Alice Danner, an heir at law of decedent. Notice and copy of the petition had been served on counsel for administratrix, and the court ordered the administratrix to answer or plead in five days, and set the hearing for December 1, 1955.

The administratrix filed a motion to strike the petition, claiming it did not allege facts constituting any

statutory ground for removal, and that it was based on erroneous statements and conclusions. On April 9, 1956, the court denied the motion to strike the petition and ordered administratrix to file an answer thereto. The verified answer filed prayed that the petition be stricken for a number of reasons, and for the first time the point was made that the court had not issued a citation to the administratrix to show cause why she should not be removed.

On April 30, 1956, the Probate Court entered an order finding: that due and proper notice had been given to the administratrix of the time and place of the hearing of the petition; that she had filed her answer thereto; that the court had jurisdiction of the subject matter and the parties thereto; that the administratrix had committed waste and mismanaged the estate and had committed acts of attempted fraud; and revoked her letters of administration, removed her as such administratrix, and directed that she file a final report and account. An appeal was taken to the Superior Court from this order.

After a trial *de novo* in the Superior Court, an order was entered on December 3, 1956, based on evidence offered by both parties, finding: that the court had jurisdiction of the subject matter and the parties thereto; that due and proper notice had been given to all parties entitled to notice; that the administratrix was present in court and represented by counsel; that she had mismanaged the estate; and revoked her letters of administration, removed her as administratrix, and returned the matter to the Probate Court for further action as needed.

The administratrix contends that the court had no jurisdiction to remove the administratrix without the issuance and service on her of a statutory citation. We have carefully examined the authorities cited, and they do not apply to the situation here presented. The pro-

ceedings necessary for the removal of an administrator are set forth in the Probate Act (Ch. 3, Ill. Rev. Stat.). Section 276 [Ill. Rev. Stats. 1957, ch. 3, § 430] states that the Probate Court may remove an administrator on the verified petition of any interested person, for a number of causes, including "(c) When the . . . administrator wastes or mismanages the estate." Section 278 [Ill. Rev. Stats. 1957, ch. 3, § 432] states that before removing an administrator, "the court shall order a citation to issue directing the respondent to show cause why he should not be removed for the cause stated therein," and directs manner of service. Section 280 [Ill. Rev. Stats. 1957, ch. 3, § 434] provides that the administrator may file a verified answer to the *petition* or charges for removal on or before the return day designated in the citation or *notice,* or within such further time as the court permits, and if on hearing the court finds that he should be removed for any of the causes stated in the citation or *notice*, the court may remove him and shall thereupon revoke the letters. The order of revocation shall state the cause of removal.

In the instant case, the petition for removal states the causes relied upon for court action and charges that the administratrix committed waste and mismanaged the estate. The Probate Court held the petition to be sufficient, and after a hearing entered the order of April 30, 1956. The Superior Court appeal record indicates no further pleadings were filed, and that the matter was heard by the trial court on the petition and verified answer filed in the Probate Court.

 As the appeal from the Probate Court order was taken by the administratrix, she placed herself within the jurisdiction of the Superior Court for a trial *de novo* on the matters encompassed by the order appealed from. A trial *de novo* of the issues was had

in the Superior Court, with the administratrix and her counsel before the court at all times. The court had before it a transcript of the petition for removal filed in the Probate Court and of the answer to the petition filed by the administratrix. We find the statutory jurisdictional requirements for the removal of an administratrix have been satisfied in the instant case. Ferris v. Ferris, 89 Ill. 452; Horner on Probate Practice, Vol. I, par. 228 (1940 Ed.).

 The administratrix contends the record does not support a statutory cause for the removal of an administratrix. The duties of an administrator are, in general, to collect the estate, convert it into cash and distribute it to the persons entitled thereto, and the relationship is fiduciary in character as far as the administration of the estate is involved. 19 I.L.P., §§ 5 and 6. An administrator must perform his duties with the utmost good faith and the highest degree of fidelity, and if in the performance of his duties as such, the court finds that the administrator has mismanaged the estate, his finding will not be disturbed unless it is manifestly against the weight of the evidence. Hadley v. White, 367 Ill. 406; McGuire v. Purcell, 7 Ill.App.2d 407; Eleopoulos v. City of Chicago, 3 Ill.2d 247.

The hearings in the Superior Court commenced November 13, 1956, and continued intermittently to November 30, 1956. They were conducted by the court to determine if the administratrix had committed waste or mismanagement in the administration of the estate. The record is replete with expressions of antagonism of counsel. The administratrix and decedent were owners in common of a parcel of real estate, in which they both resided. There is evidence tending to show that the administratrix was endeavoring to so administer the estate as to lessen the equity ultimately to be received by the heirs at law, of which she was not

one, and the trial court stated that details of the mortgage indebtedness were developed by the heirs and their counsel and were not volunteered by the administratrix. A citation to discover assets was issued against the administratrix in the Probate Court. The court appointed an administratrix to defend the estate, and many hearings were had before the citation was dismissed. The court said: "A lot of that citation proceeding could have been avoided by open frank disclosures."

Objections were made to the first current account and, as a result thereof, an amended account was filed. Instances were related of the reluctance and opposition of the administratrix in revealing, listing and collecting the assets. The heirs at law had a right to be fully informed as to the administration and assets of the estate, which was relatively simple. The trial court mentioned a number of actions, which raised justifiable suspicion of fraud in the heirs at law, and stated that considerable of the litigation could have been avoided, and, after reviewing the evidence at length, found the administratrix had mismanaged the estate. The trial court endeavored to settle the litigation, which effort was rejected by the administratrix.

■ The evidence indicates needless and unnecessary litigation, caused by the administratrix resisting the attempts of the heirs at law to secure a proper administration of the estate, and we do not believe that the findings of the trial court are manifestly against the weight of the evidence. Therefore, the order of the Superior Court will be affirmed.

Affirmed.

KILEY, P. J. and LEWE, J., concur.