*In re* ESTATE OF RAYMOND H. ABBOTT, Deceased.—(ROBERT H. ABBOTT, Appellant, *v.* FIRST NATIONAL BANK OF WOODSTOCK, Appellee.)

Second District (1st Division)    No. 74-428

Opinion filed May 13, 1976.

Michael T. Caldwell, of Caldwell, Berner & Caldwell, of Woodstock, for appellant.

James R. Green, of Woodstock, and Brady, McQueen, Martin, Callahan & Collins, of Elgin, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

Robert H. Abbott was removed as executor of the estate of Raymond H. Abbott, deceased. He appeals from the removal order and from the denial of his motion to vacate.

The executor, the son of the decedent, was appointed on May 21, 1973. On August 27, 1973, an order was entered compelling the filing of an inventory within 28 days. On January 28, 1974, the court entered an order compelling the issuance of a citation for failure to account, pursuant to section 301 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 301). The inventory was subsequently filed on February 25, 1974. On the same date it was approved and the court set a hearing on a current report for March 25, 1974, which was later continued on motion of the executor to April 1, 1974.

On April 1, 1974, the court entered an order compelling the executor to show cause why he should not be held in contempt and be removed as executor for failure to account. The rule was made returnable April 22, 1974. It appears that the order was served upon the clerk of the court as agent for Abbott who was the nonresident. Notice was also sent to the executor by registered mail. On April 22 the current account and report of the executor was filed.

On May 6, 1974, an order was entered reciting that the cause was being heard "on the continuance of the Court's Order of Citation" and compelled the executor to produce ledger sheets of the depository of the estate's funds, and various other documents and continuing the hearing on

the current report and account to May 27, 1974. On May 20, 1974, the court entered an order which recited that it came on for hearing "as an emergency" with notice to attorneys and telephone notice to the executor; that books and records, bank statements, canceled checks, savings books and security instruments of the estate had been delivered to the court by one of the attorneys for the estate; that it appeared to the court that $33,500 had been improperly removed from the executor's control; and ordered that no further withdrawals be made or checks drawn on the executor's account. The order provided also that further hearing on all pending matters "including removal of the executor" was continued to May 27, 1974.

A hearing was conducted without further pleadings having been filed on May 27 and May 28, 1974. Robert H. Abbott was present at the hearing as well as Harold A. Veenstra, the attorney for the estate, and Ralph E. Madsen, Veenstra's law partner. Veenstra refused to answer particular questions on the grounds of self-incrimination but did testify there was a discrepancy between the figures showing receipts, disbursements and the balance on hand in the estate and the records of the depository of the estate funds. Madsen testified that he had had conversations with Veenstra in which Veenstra admitted to him that Veenstra had diverted the estate funds to three strangers and to himself.

The executor also testified. He said he had never executed a signature card for the checking account although he knew that bills had to be paid from it. He also knew that funds had to be transferred from a savings account to a checking account but had never executed a withdrawal slip. He testified that he never saw any checks written on the estate's checking account although he signed the current account showing checks written to pay bills. He "wondered" who wrote the checks but he never asked about them. He did not verify the inventory before he signed it and could not, at the hearing, verify that it was all there; nor could he verify any of the figures in the current account. He did not know that the taxes and insurance were unpaid nor did he know what amount was paid to the widow as a widow's award. He said he was led to believe that he was "more or less a figurehead" and acknowledged that he was possibly not capable of handling the job. He wanted to remain as executor "just to keep it in the same house, that's all."

It also appears that attorney Madsen was present throughout the proceedings and stated for the record that he had asked Abbott if he wished Madsen to withdraw as counsel and that Abbott had responded that he would only want that if he were going to remain on as executor. Madsen was present throughout the hearing and made a closing argument on his client's behalf. It also appears that the court told Abbott that he could present anything further that he wanted to present; that Abbott said

he did not have any questions at the present time but might have some later; and that the court responded that he was to feel free to come back and ask them if he did have further questions.

The principal contention of the executor is that no citation to remove him was issued as provided in section 278 of the Probate Act (Ill. Rev. Stat. 1973, ch. 3, par. 278). The section provides as material here:

> "Before removing an executor * * * for any of the causes set forth in Section 276, the court shall order a citation to issue directing the respondent to show cause why he should not be removed for the cause stated therein. The citation shall be served not less than 10 days before the return day designated therein and shall be served and returned in the manner provided for summons in civil cases."

Abbott argues that the citation is mandatory and is necessary for an orderly procedure to advise the executor of the alleged causes for removal and to give him an opportunity to defend. He concedes in his brief that he does not wish to remain as executor but objects to the court order which he claims "tarred [him] with the same brush" as his lawyer by the finding that he had "permit[ted] unauthorized persons to collect and use the estate's assets." He further states that he was not properly represented at the hearing because of the circumstances his lawyers found themselves in and that there was no emergency which could justify modifying procedural requirements since the estate's checkbooks had been impounded by the court.

There can be no real dispute on this record that the statutory cause was established for removal of the executor on the basis of waste and mismanagement of the estate, on the basis that the executor was unsuitable for the discharge of his duties and for other good cause involved in his failure to diligently act as a fiduciary to protect the assets of the estate. In fact, Abbott conceded in his testimony before the court that he was "possibly not" capable of handling his duties and obligations as executor. As the court specifically noted in its order there was no evidence that the executor was personally dishonest and the evidence showed nonfeasance rather than misfeasance. However, the failure to account for the loss of $33,500 and the failure to pay any real attention to the business of the estate formed a sufficient basis for removal. (See Ill. Rev. Stat. 1973, ch. 3, par. 276(a)(4), (9), (10); *In re Estate of Glenos*, 50 Ill. App. 2d 89, 98 (1964). See also *In re Estate of Gullett*, 92 Ill. App. 2d 405, 410-411 (1968).) The findings of the court in this regard will not be disturbed since they are not against the manifest weight of the evidence. *In re Estate of Burger*, 16 Ill. App. 2d 510, 514 (1958).

We also conclude that while procedural requirements for removal of the executor were not strictly followed they were substantially sufficient

to insure compliance with the intent and purpose of the Probate Act. It is clear that Abbott was awarded a fair hearing and that he was not prejudiced by formal deficiencies in procedure. *Munroe v. People ex rel. Young*, 102 Ill. 406 (1882), and *In re Estate of Smith*, 41 Ill. App. 2d 86 (1963), relied upon by the executor, involve far different facts than those present in this case. In *Munroe*, the citation against the administrator was based solely on the failure to pay a claim. She was removed without proof of any of the statutory grounds for removal and without acquiring jurisdiction over her person. In *Smith*, the probate court revoked the appointment of an administrator. However, no citation was issued or served; no rule to show cause was entered; there was no proof of any statutory grounds for removal and no order setting forth such grounds was entered.

Here, notice of the removal hearing was not in strict compliance with section 278 of the Probate Act. (See Ill. Rev. Stat. 1973, ch. 3, par. 278, which designates service "in the manner provided for summons in civil cases.") However, respondent and his attorneys were notified and personally appeared at the May 27 hearing. Section 278 also requires that the citation designate the cause for removal. While the particular cause was not specified, no prejudice resulted in the circumstances. The executor was represented by counsel he chose to keep, was given full opportunity to testify and to explain his actions or nonactions. The removal order specifically set forth the statutory grounds for removal upon which the court had relied.

We conclude that the respondent was therefore given reasonable notice of the hearing, was given a fair opportunity to defend and that the proof was sufficient to clearly establish statutory grounds for removal. See *In re Estate of Burger*, 16 Ill. App. 2d 510, 514 (1958); *In re Estate of Gullett*, 92 Ill. App. 2d 405, 409 (1968).

We therefore affirm.

Affirmed.

GUILD, P. J., and HALLETT, J., concur.