968 N.E.2d 737 (2012)
360 Ill. Dec. 244
Lowell FEHRENBACHER, Plaintiff-Appellant,
v.
MERCER COUNTY, Illinois, Mercer County Board, Maxine Henry, David Maynard, Floyd Utz, Charles Box, Bob Vickery, Bill Olsen, Dan Schroeder, Bill Thorp, Terry Elliott, and Tom Haines, Defendants-Appellees.
No. 3-11-0479.
Appellate Court of Illinois, Third District.
April 18, 2012.
*738 Heath E. Uppencamp (argued), Heller, Holmes & Associates, P.C., Mattoon, for Lowell Fehrenbacher.
James S. Zmuda (argued), Califf & Harper, Moline, for Mercer County, Illinois.

OPINION
Justice LYTTON delivered the judgment of the court, with opinion.
¶ 1 Plaintiff Lowell Fehrenbacher was terminated from his position as Mercer County engineer. Fehrenbacher filed a complaint against Mercer County, the county board and the individual county board members, seeking administrative review of his termination. The trial court affirmed the county board's decision to terminate Fehrenbacher. On appeal, Fehrenbacher argues that his termination was unlawful because he was not served with a petition for removal, as required by Illinois statute. We affirm.
¶ 2 Lowell Fehrenbacher was hired by Mercer County as its county engineer on January 21, 2010. On June 11, 2010, he was served with a "Mercer County pre-Disciplinary Hearing Notice." The notice directed Fehrenbacher to attend "a pre-Disciplinary hearing in the Mercer County Board Room on Friday, June 25, 2010." Fehrenbacher was placed on administrative leave until the hearing.
¶ 3 The notice stated that Fehrenbacher was being charged with violating civil and/or criminal law, and/or neglect of duty, and/or malfeasance in office, by committing the following acts: (1) attempting to obtain insurance coverage for his daughter through the county health insurance program, knowing that she is not a dependent or otherwise eligible for coverage; (2) placing one or more members of the county highway department staff in "imminent apprehension of bodily harm, and/or acting in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace"; (3) placing the county board chairman in "imminent apprehension of bodily harm, and/or acting in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace"; and (4) threatening to lodge a complaint against the ex-county engineer with the Illinois Association of County Engineers because he provided assistance to the county.
¶ 4 The notice advised Fehrenbacher: "If the Employer believes the evidence against you to be true, the result may be disciplinary action up to and including discharge. After an explanation of the Employer's evidence, you will have the opportunity to present your side of the story."
*739 ¶ 5 On June 25, 2010, Fehrenbacher and his attorney appeared at the predisciplinary hearing, which was held before three members of the county board. At the hearing, Fehrenbacher and others provided testimony regarding the charges set forth in the notice.
¶ 6 Eleven days after the hearing, the county board voted to terminate Fehrenbacher as county engineer. The following month, the county board sent Fehrenbacher a letter, notifying him that his employment was terminated. According to the letter, the board had determined that Fehrenbacher committed all of the acts alleged in the predisciplinary notice. The letter stated: "Each of these acts by itself is a violation of your employment agreement and sufficient to cause the termination of your employment under your employment agreement."
¶ 7 Fehrenbacher filed a complaint for administrative review in the trial court. In his complaint, Fehrenbacher asserted that the county board's termination of his employment violated his due process rights, in part, because the county board never filed a removal petition required by section 5-203 of the Illinois Highway Code (Code) (605 ILCS 5/5-203 (West 2008)). Regarding this issue, the trial court found:
"Plaintiff has waived this argument by failing to present [it] to the Board at the administrative agency level. Nevertheless, I find the notice of the hearing regarding potential discipline of the Plaintiff, including removal from his position as County Engineer, was sufficient for due process purposes and the substantive requirements of the Removal Statute. The notice of the hearing put the Plaintiff on notice as to what the allegations were and what was going to happen and what possible ramification or possible parameters of punishment could be, such as termination."
¶ 8 The trial court then went on to examine the board's findings and conclusions supporting Fehrenbacher's removal. The court found that two of the county board's bases for removal were against the manifest weight of the evidence but that there was sufficient evidence in the record to support the remaining two bases for removal. Since the board stated that any one of Fehrenbacher's acts was sufficient to cause termination of his employment, the trial court affirmed the county board's decision.

¶ 9 ANALYSIS
¶ 10 Fehrenbacher argues that his termination should be reversed because he was not served with a petition for removal, as required by Illinois law.
¶ 11 The removal statute, section 5-203 of the Code, provides:
"Any county superintendent of highways may be removed from office by the county board for incompetence, neglect of duty or malfeasance in office. In any proceeding to remove a county superintendent of highways from office a petition shall be filed with the county board naming such officer as respondent and setting forth the particular facts upon which the request for removal is based. The county board shall set the matter for hearing not earlier than 5 days after service upon the respondent, which service shall be the same as in civil actions. The county board shall thereupon proceed to a determination of the charges and shall enter an order either dismissing the charge against the county superintendent of highways or removing him from office." 605 ILCS 5/5-203 (West 2008).
¶ 12 Section 5-201 of the Code provides:
"In each county with a population greater than 3,000,000, there shall be a county *740 superintendent of highways. In each county with a population less than 3,000,000, there shall be a county engineer. * * * `[C]ounty superintendent of highways' means `county engineer' or `county superintendent of highways' wherever it appears in this Code, unless a contrary intention is clearly indicated." 605 ILCS 5/5-201 (West 2008).
¶ 13 To ascertain the purpose of the statute, we look to the statutory language used therein and give the words their plain and ordinary meaning. Behl v. Gingerich, 396 Ill.App.3d 1078, 1087, 336 Ill.Dec. 456, 920 N.E.2d 665 (2009). "[I]t is not sufficient to read a portion of the statute in isolation. We must, instead, read the statute in its entirety, keeping in mind the subject it addresses and the legislature's apparent objective in enacting it." MD Electrical Contractors, Inc. v. Abrams, 228 Ill.2d 281, 287, 320 Ill.Dec. 837, 888 N.E.2d 54 (2008).
¶ 14 Section 5-203 sets forth the procedure for removing a county engineer from office. First, a petition must be served on the county engineer. 605 ILCS 5/5-203 (West 2008). The petition must (a) set forth the charges against the county engineer, (b) request that the county engineer be removed from office because of the charges, and (c) notify the county engineer of the date of the hearing when testimony and evidence regarding the charges will be presented. Id. Second, a hearing is held to determine if the charges alleged in the petition have been proven. Id. Finally, the county board issues an order dismissing the charges or dismissing the county engineer from office. Id. These provisions are intended to provide (1) notice to the county engineer that charges exist that could warrant his removal, (2) a hearing at which the county engineer can defend himself, and (3) a resolutioneither dismissal of the charges or dismissal of the county engineer.
¶ 15 Fehrenbacher argues that the notice he was provided did not conform to the mandates of the statute. Section 5-203 of the Code uses the word "shall" four times. Typically, use of the word "shall" in a statutory provision indicates that the legislature intended a mandatory, rather than a directory, provision. Behl, 396 Ill. App.3d at 1086, 336 Ill.Dec. 456, 920 N.E.2d 665. However, a mandatory provision does not always require strict compliance. Id. "`Substantial compliance can satisfy even a mandatory provision.'" Id. (quoting Jakstas v. Koske, 352 Ill.App.3d 861, 864, 288 Ill.Dec. 75, 817 N.E.2d 200 (2004)).
¶ 16 In determining whether substantial, rather than strict, compliance with a mandatory statutory requirement is permissible, a twofold analysis must be conducted. Behl, 396 Ill.App.3d at 1086, 336 Ill.Dec. 456, 920 N.E.2d 665. First, we look to the purpose of the statute to determine whether its purpose was achieved without strict compliance. Id. Next, we determine whether the plaintiff suffered any prejudice from the defendant's failure to strictly comply with the statute. See id. (citing Jones v. Industrial Comm'n, 188 Ill.2d 314, 324-26, 242 Ill.Dec. 284, 721 N.E.2d 563 (1999) (petitioner substantially complied with requirements of Workers' Compensation Act to adequately fulfill the purpose of the statute and respondent was not prejudiced by petitioner's actions)); see also In re Estate of Abbott, 38 Ill. App.3d 141, 144-45, 347 N.E.2d 215 (1976) (substantial compliance with Probate Act was sufficient to remove executor where notice of removal was "substantially sufficient to insure compliance with the intent and purpose of the Probate Act" and the executor "was not prejudiced by formal deficiencies in procedure").
*741 ¶ 17 In this case, we find that the notice was sufficient and Fehrenbacher suffered no prejudice. See Behl, 396 Ill. App.3d at 1086, 336 Ill.Dec. 456, 920 N.E.2d 665. Fehrenbacher was served with a "Mercer County pre-Disciplinary Hearing Notice." That notice advised Fehrenbacher of the charges against him, provided him with the date of the hearing on the charges and informed Fehrenbacher that he could present evidence at the hearing. The notice further advised: "If the Employer believes the evidence against you to be true, the result may be disciplinary action up to and including discharge."
¶ 18 The notice served on Fehrenbacher did not strictly comply with section 5-203 of the Code because it was not titled "Petition for Removal" and did not solely request that Fehrenbacher be removed from office. Nevertheless, the intent of section 5-203 of the Code was realized: the notice advised Fehrenbacher of the allegations against him, the date of the hearing on the allegations, and that removal was a possible outcome of the hearing.
¶ 19 Further, Fehrenbacher has not alleged or shown that he was prejudiced by the notice he received. He attended the hearing with his attorney and provided testimony to refute the charges against him. Substantial compliance was appropriate in this case. See Behl, 396 Ill. App.3d at 1086, 336 Ill.Dec. 456, 920 N.E.2d 665; Abbott, 38 Ill.App.3d at 145, 347 N.E.2d 215.
¶ 20 The judgment of the circuit court of Mercer County is affirmed.
¶ 21 Affirmed.
Presiding Justice SCHMIDT concurred in the judgment and opinion. Justice CARTER dissented, with opinion.
¶ 22 Justice CARTER, dissenting:
¶ 23 I respectfully disagree with the majority's order in the present case. I would find that the county board (Board) failed to provide Fehrenbacher with a fair and proper removal proceeding as required by section 5-203 of the Code. Based upon that finding, I would set aside the Board's ruling and remand this case for the Board to reinstate Fehrenbacher with the appropriate amount of retroactive pay and statutory interest, pending any further proceedings.
¶ 24 The statutory requirements of section 5-203 are not difficult to understand or tedious to follow. The statute requires that a petition for removal of the county engineer be filed with the county board; that a hearing be held on the charges alleged in the petition; and that at the conclusion of the hearing, the county board enter an order either dismissing the charges or removing the county engineer. 605 ILCS 5/5-203, 5-201 (West 2008); Johnson v. Macon County Board, 104 Ill. App.3d 885, 890, 60 Ill.Dec. 665, 433 N.E.2d 707 (1982). Although no special label is required for a removal petition, in my opinion, at a bare minimum, the petition must specifically set forth in the prayer for relief that the petitioner seeks only one remedy, the removal of the county engineer. See 605 ILCS 5/5-203 (West 2008) (at the conclusion of the removal proceeding, the county board can make only one of two decisionsto dismiss the charges or to remove the county engineer). Such a procedure is necessary to the put the county engineer on notice as to what is specifically being soughthis or her removal from office.
¶ 25 In the present case, the requirements of section 5-203 were not followed. Despite the clear statutory language, the notice did not specifically inform Fehrenbacher that the petitioner was seeking only one remedythe removal of Fehrenbacher *742 from office as county engineer. Rather, the notice informed Fehrenbacher that the Board was conducting a predisciplinary fact-finding hearing, and that if the Board found that the charges were proven, that Fehrenbacher could be subject to a range of discipline, including termination. While there was nothing improper about the Board conducting a predisciplinary fact-finding hearing, once the Board determined that it was going to seek removal, it was required to follow the requirements of section 5-203, file a petition for removal, and give Fehrenbacher a hearing on the removal petition. See 605 ILCS 5/5-203 (West 2008).[1] Because the Board failed to do so, I would conclude in this case that the notice and hearing were insufficient to constitute a fair and proper removal proceeding, as required by section 5-203. See 605 ILCS 5/5-203 (West 2008).
¶ 26 I would also find that Fehrenbacher did not forfeit this issue by failing to object when the proceeding was before the Board. Because the Board failed to follow the proper statutory procedure, Fehrenbacher could not know that the fact-finding proceeding was going to end in removal until the Board announced its decision. In my opinion, the clear language of the statute in setting forth the requirements for removal serves to avoid any type of surprise ruling and to put the county officer on notice that the county is seeking more than just discipline, but is seeking to remove the county officer from office. When the proper procedure is followed, the county officer is truly aware of the nature of the proceedings and the specific remedy sought, can obtain the appropriate legal guidance, and can receive a fair and proper proceeding. That did not occur in the present case, regardless of whether the statute is viewed under a strict or substantial compliance basis.
¶ 27 For the reasons stated, I respectfully dissent from the majority's order.
NOTES
[1] That is not to say that a county board must hold two evidentiary hearings in a removal case. If the county board initially files a petition for removal, only one such hearing would be required. See 605 ILCS 5/5-203 (West 2008).