# Illinois Official Reports

## Appellate Court

---

### *In re Estate of Young Tait*, 2017 IL App (3d) 150834

---

| | |
|---|---|
| Appellate Court Caption | *In re* ESTATE OF MARION YOUNG TAIT, a Disabled Person (Susan M. Zoleske, Former Guardian of the Person and Estate, Petitioner-Appellant, v. The Estate of Marion Young Tait and First Midwest Bank, Respondents-Appellees). |
| District & No. | Third District<br>Docket No. 3-15-0834 |
| Filed | February 23, 2017 |
| Decision Under Review | Appeal from the Circuit Court of Will County, No. 06-P-719; the Hon. J. Jeffrey Allen, Judge, presiding. |
| Judgment | Reversed and remanded. |
| Counsel on Appeal | Scott M. Hoster, of Castle Law, of Joliet, for appellant.<br><br>Angela E. Hart Major, of First Midwest Bank, of Plainfield, for appellee First Midwest Bank.<br><br>Jamie Shimer, of Wengler Law Firm, LLC, of Joliet, for appellee Estate of Marion Young Tait. |

JUSTICE McDADE delivered the judgment of the court, with opinion.
Justices Carter and O'Brien concurred in the judgment and opinion.

## OPINION

¶ 1    Petitioner Susann M. Zoleske was appointed guardian of the estate of her mother, Marion Young Tait. The trial court removed petitioner as guardian. Petitioner appeals, arguing that the trial court erred when it removed her as guardian because it did not comply with section 23-3 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/23-3 (West 2014)). We reverse and remand.

¶ 2                                    FACTS

¶ 3    In 2006, petitioner Susann M. Zoleske was appointed guardian of the person and estate of her mother, Marion Young Tait, a 95-year-old woman who had been adjudicated a disabled adult. The estate was valued at approximately $138,000. The trial court waived the requirement of surety for bond, and the court-appointed guardian *ad litem*, Colleen Mary Wengler, raised no objection to the appointment of petitioner as guardian. Petitioner filed her first accounting report, which the trial court approved, in October 2009. At the time, the trial court waived the filing of any subsequent accountings.

¶ 4    Four years later, in response to a form request from the court for status, petitioner advised the court that Marion was still living and also filed a *pro se* petition requesting the transfer of Marion's real estate to Marion's daughter, Barbara Tait. Barbara was the primary caregiver and had lived in Marion's residence for 35 years. Petitioner also filed a *pro se* accounting report of Marion's estate. Wengler was again appointed guardian *ad litem* for Marion to review the petition and accounting report. The trial court ordered petitioner to provide Wengler with a copy of the accounting report.

¶ 5    At a hearing in December 2013, the accounting report was not ruled on, and the matter was continued to a later date. In January 2014, the court noted that petitioner had failed to comply with the trial court's order to provide Wengler with the accounting report. Also, the court noted that petitioner was required to file an annual report on Marion. The trial court ordered petitioner to provide the annual report and the accounting report at the next status hearing.

¶ 6    At a hearing in April 2014, petitioner presented Wengler with a copy of the accounting report but failed to file an annual report. The matter was continued to the next status hearing. Before the hearing, Wengler stated her objections to the accounting report but neither presented nor filed her objections in writing.

¶ 7    At a hearing in June 2014, petitioner filed an annual report, which the trial court approved, and a status hearing was set to review the accounting report. Also in June, counsel appeared for the first time on behalf of petitioner and requested additional time to file an amended accounting to respond to Wengler's objections. The matter was set for another status hearing.

¶ 8    At a hearing in November 2014, counsel filed the first amended accounting report, which the trial court did not approve. A second amended accounting report was filed in July 2015,

and the court ordered petitioner to post a surety bond within 30 days. Petitioner never posted bond.

¶ 9    A third amended accounting report was filed in September 2015. On September 25, 2015, Wengler expressed her issues regarding the original and amended accounting reports and requested a "brief pretrial conference" to discuss her concerns. The following colloquy took place:

> "THE COURT: All right. What is before us today?
>
> [GUARDIAN *AD LITEM*]: We are before the Court today, Judge, for continued consideration of approval of the guardian's third amended accounting covering the periods of 2010 through 2015.
>
> The third amended accounting has been filed with the Court. I have had an opportunity to review it. And I have had an opportunity to speak also with Miss Dollinger.
>
> I do have concerns with regard to the accounting that has been provided as well as the second and third amended accountings that have been provided. So I am not in a position at this point to recommend in favor of the approval of those accountings.
>
> There are a few issues. And *I think perhaps the best way at this point to proceed would be to conduct a brief pretrial conference with [Y]our Honor so that you can be made aware of what the issues are and give me some further direction in this matter.*
>
> It is not a large estate. So I don't think the filing of formal objections and hearing on those objections would be appropriate. But I do just want a few minutes of your time if you are inclined to allow that.
>
> THE COURT: There must be some sort of history here.
>
> [GUARDIAN *AD LITEM*]: Yes.
>
> THE COURT: It does not appear that I am going to be going long this morning if you are available to wait around.
>
> [GUARDIAN *AD LITEM*]: Yes.
>
> THE COURT: We will try and do it this morning.
>
> [GUARDIAN *AD LITEM*]: Thank you.
>
> [COUNSEL FOR THE ESTATE]: Thank you." (Emphasis added.)

The requested pretrial conference was conducted that day. Petitioner claimed that she was not allowed to participate in the pretrial conference; however, her attorney was present on her behalf. At the end of the conference, the trial court, *sua sponte*, ordered the removal of petitioner as guardian of Marion's estate.

¶ 10    Petitioner filed a motion to vacate the trial court's ruling, and the trial court, after a hearing, denied the motion. Petitioner appealed.

¶ 11                                    ANALYSIS
¶ 12                                    I. Waiver
¶ 13    Petitioner challenges the trial court's order removing her as guardian of her mother's estate. Respondents claim petitioner failed to preserve this issue for appellate review because petitioner did not object to the "pretrial settlement conference" at which the trial court removed petitioner as guardian.

- 3 -

¶ 14     It is well-established that issues not raised in the trial court are deemed waived and may not be raised for the first time on appeal. *Western Casualty & Surety Co. v. Brochu*, 105 Ill. 2d 486, 500 (1985). Here, petitioner raised the issue of her removal as guardian in the trial court and, thus, preserved the issue for appeal. The issue arose when the trial court removed petitioner as guardian of her mother's estate at the end of the pretrial conference. Thereafter, petitioner filed a motion to vacate the judgment and requested a hearing on the motion. In the motion to vacate, petitioner argued that she was removed without citation to show reasons for her removal or an opportunity to respond to the court's motion for removal. At the hearing on the motion to vacate, petitioner's attorney addressed the removal issues:

> "[PETITIONER'S ATTORNEY]: Judge, this is our motion. I don't know if you have had a chance to read it. I could give you a copy. It is a short motion drafted by my partner Mr. Jarot to vacate the order that was entered on September 25th removing my client as the guardian.
>
> Mr. Jarot has laid out pretty clearly that the petition for rule to show cause needs to be issued against the person seeking to be removed. And that didn't happen here.
>
> Apparently something happened at a pretrial conference. She was removed. But Mr. Jarot has laid it out. She has filed three accountings. No objections have been filed.
>
> And based on the statute, the Court can issue its own rule or [guardian *ad litem*] can issue a rule. Any interested party can issue a rule. *But she simply can't be removed without rule being issued and a hearing being held. That is the basis of the motion*." (Emphasis added.)

The guardian *ad litem* agreed with petitioner's attorney's statement on the removal procedures, stating, "And Mr. Hoster is correct in terms of the procedure for removal of guardian for cause." The dialogue continued as the trial court posed a question to petitioner's attorney regarding its ability to remove petitioner as guardian to which petitioner's attorney responded:

> "[PETITIONER'S ATTORNEY]: I disagree that you can do it in chambers. I believe like any other judge in a civil case, the court on its own motion can issue a petition for rule to show cause.
>
> When it issues, there is a date set for a hearing. And the burden shifts to [petitioner] to show why she shouldn't be removed. We have an evidentiary hearing in front of you.
>
> If we fail to show why she shouldn't be removed, you remove her. You make specific findings of fact. And there are ten things in the probate act that say reasons why you can remove her. You have to put that on the record.
>
> You can do that, Judge. But I just don't believe it can be done the way it was done. That is our position according to the statute."

At the end of the hearing, petitioner's attorney made an effort to preserve the court's ruling on record. The following colloquy took place:

> "[PETITIONER'S ATTORNEY]: Judge, the Court is finding that there is no need to rule on the issue under the statute; is that correct, just so the record is clear?
>
> THE COURT: I am finding on my own motion, I am doing this for the reasons set forth in [755 ILCS] 5/23-2.
>
> [PETITIONER'S ATTORNEY]: Thank you, sir. You have given me a record. I appreciate that."

We find it clear that petitioner raised the issue of the procedural impropriety of her removal before the trial court and preserved the issue for appellate review.

¶ 15   Respondents classify the removal hearing as a "pretrial settlement conference" at which petitioner had an opportunity to object to her removal, but this is not the case. In fact, the guardian *ad litem* requested a "brief pretrial conference" in order to discuss the concerns she had in regard to the accounting, not a pretrial settlement conference where petitioner had an opportunity to respond to the trial court's motion for removal and show cause why she should not be removed as guardian. The issue of petitioner's removal did not arise before the trial court removed petitioner as guardian at the end of the pretrial conference. Thereafter, petitioner preserved the issue for review when she filed and argued her motion to vacate the trial court's judgment.

¶ 16                                        II. Statutory Compliance

¶ 17   Petitioner argues that the trial court failed to comply with section 23-3 of the Probate Act (755 ILCS 5/23-3 (West 2014)) because she was not issued a citation giving any reasons for removal and she was not given an opportunity for a hearing to show cause why she should not be removed as guardian. Respondents argue that the trial court complied with section 23-3 because petitioner was notified of the issues with the accounting reports and agreed to a pretrial conference where she had an opportunity to discuss any issues.

¶ 18   Under section 23-3, the trial court shall issue a citation to the representative it wishes to remove as an estate representative. *Id.* The citation directs the representative to show cause why he or she should not be removed as representative. *Id.* The representative may file a responsive pleading to the reasons for removal. *Id.* After the court conducts a hearing, it can make a determination on the representative's removal pursuant to the causes listed in section 23-2 of the Probate Act. 755 ILCS 5/23-2, 23-3 (West 2014).

¶ 19   Although strict compliance with statutes is normally necessary, the requirements of section 23-3 are met when the trial court's procedures were "substantially sufficient to insure compliance with the intent and purpose of the Probate Act." *In re Estate of Abbott*, 38 Ill. App. 3d 141, 144-45 (1976).

¶ 20   Illinois courts recognize that evidence of substantial compliance with section 23-3 is shown when a party was "awarded a fair hearing" and was not "prejudiced by formal deficiencies in procedure." *Id.* at 145 ("respondent was therefore given reasonable notice of the hearing, [and] was given a fair opportunity to defend"); see *In re Estate of Austwick*, 275 Ill. App. 3d 665, 671 (1995) (substantial compliance found when public guardian was notified and both parties were allowed to present evidence in support of their position at a hearing); *In re Estate of Denaro*, 112 Ill. App. 3d 872, 878 (1983) (substantial compliance found when executor had "notice of all proceedings in the case and was afforded numerous opportunities for a hearing").

¶ 21   *In re Estate of Rumoro*, 90 Ill. App. 3d 383 (1980), is similar to the case at hand. In *Rumoro*, plaintiff challenged the trial court's ruling to remove her as conservator under section 23-3 of the Probate Act. *Id.* at 386. The First District determined that the trial court did not substantially comply with the procedures stated in section 23-3. *Id.* at 387. The court reasoned that while a hearing on the objections to the accounting was held, there was no evidence that plaintiff was notified that her conservatorship was at issue and that plaintiff had an opportunity to be heard during the hearing. *Id.*

¶ 22 Here, petitioner was not properly notified of the alleged causes for her removal or that removal was under consideration. Respondents argue that the guardian *ad litem*'s concerns with the accounting over the course of two years put petitioner on notice that petitioner could be removed as guardian. The purpose of a citation "is to notify the respondent about the alleged *causes for removal*." (Emphasis added.) *Austwick*, 275 Ill. App. 3d at 671. In previous proceedings, the guardian *ad litem* expressed concerns with petitioner's accounting reports. During the colloquy between the guardian *ad litem* and the trial court, the guardian *ad litem* requested a pretrial conference to discuss "concerns with regard to the accounting." Similar to *Rumoro*, the conference was to address the issues with the accounting reports, not the removal of petitioner as guardian. See *Rumoro*, 90 Ill. App. 3d at 387 (noting that a hearing on the accounting objections was held but no evidence that plaintiff was notified that plaintiff was subject to removal as conservator under section 23-3 of the Probate Act). Moreover, there is no evidence in the record that petitioner in this case was notified of any causes for her removal prior to the pretrial conference. Therefore, we hold petitioner was not properly notified of the possibility of her removal or any causes for her removal at the time of the pretrial conference.

¶ 23 Furthermore, we cannot conclude that petitioner was given an opportunity to be heard on the issue of her removal as guardian. At the end of the pretrial conference regarding the accounting reports, the trial court removed petitioner as guardian. No record was made of the conference, and there is no evidence in the balance of the record that shows whether petitioner was given an opportunity to show cause why she should not be removed as guardian. In fact, petitioner argued that she was not permitted to participate in the pretrial conference. Without evidence to the contrary, we find petitioner was not given an opportunity to be heard on the issue of her guardianship either directly or through counsel.

¶ 24 Because there is no evidence that petitioner received notice and had an opportunity to be heard as statutorily and constitutionally required, petitioner was prejudiced by formal deficiencies in procedure. *McGrath v. City of Kankakee*, 2016 IL App (3d) 140523, ¶ 14 ("[d]ue process under the Illinois and federal constitutions requires adequate notice and a meaningful opportunity to be heard"); *Abbott*, 38 Ill. App. 3d at 145 (substantial compliance with section 23-3 is shown when a party was "awarded a fair hearing"). Therefore, we find the trial court did not sufficiently comply with section 23-3 of the Probate Act. As a result, this case is remanded for a removal hearing in accordance with the statute to determine whether petitioner should be removed as guardian.

¶ 25 While the matter is remanded on procedural grounds, we also note the record discloses further evidence of prejudice resulting from a failure to hold an evidentiary hearing. The record is devoid of evidence that petitioner mismanaged Marion Tait's estate or caused harm to the estate. The only information in the record pertaining to any discrepancies in the accounting reports are the footnotes found in the second and third amended accounting reports, showing a difference between the amount reimbursed from the estate and the total expenses incurred—a difference that appears to have benefitted the estate. Moreover, the guardian *ad litem* failed to file objections to or concerns with the accounting reports in writing before petitioner was removed as guardian. *In re Estate of Moore*, 189 Ill. App. 3d 920, 923 (1989) ("[i]t is the burden of the representative to prove that the items entered on the account are just and proper *if* objections to the report are filed" (emphasis added) (citing *In re Estate of Roth*, 24 Ill. App. 3d 412, 416 (1974))). Petitioner was given no opportunity to present arguments that she had not harmed or mismanaged the estate.

¶ 26    Further, the trial court and the guardian *ad litem* emphasized petitioner's failure to post a surety bond as a major or primary justification for removal. In 2006, petitioner filed a petition, requesting the court to appoint her as guardian of her mother's estate. The trial court appointed petitioner as guardian and waived the requirement to post a surety bond. See 755 ILCS 5/12-2(a) (West 2004) ("The court may waive the filing of a bond of a representative of the person of a ward or of a standby guardian of a minor or disabled person."). In 2015, petitioner was ordered to post a surety bond but was unable to do so. Petitioner argues that her inability to post a surety bond was not willful but resulted from the unresolved status of the accounting reports. Petitioner claims that in order to post a surety bond, the trial court must approve the accounting. Had an evidentiary hearing taken place, petitioner would have had an opportunity to present her argument and the trial court could have ruled on petitioner's removal after consideration of her reasons. On remand, petitioner will have an opportunity to show cause why she should not be removed for failure to post a surety bond or for any other reason.

¶ 27                                III. Court Cost

¶ 28    Respondents request that this court assess the costs associated with this appeal against petitioner if the results of a second removal proceeding lead to the removal of petitioner as guardian. We will not assess the costs associated with this appeal against petitioner because the record reveals that petitioner was improperly removed as guardian and that she filed a proper appeal as a result. Section 5-120 of the Code of Civil Procedure (735 ILCS 5/5-120 (West 2014)) states, in relevant part, "If any person takes an appeal to review the judgment of any other court, and the judgment is affirmed or the appeal is dismissed, the appellee shall recover costs ***." Due to the petitioner's improper removal, we reverse and remand this case for further proceedings. Therefore, respondents are not entitled to recover costs. We note that, once the trial court conducts a removal proceeding on remand, it has the discretion to assess the costs of that removal proceeding against petitioner if it rules petitioner should be removed as guardian. See 755 ILCS 5/23-3(d) (West 2014) ("court may assess the costs of the proceeding against a representative who is removed for any cause listed in Section 23-2").

¶ 29                                CONCLUSION

¶ 30    The judgment of the circuit court of Will County is reversed and remanded for further proceedings.

¶ 31    Reversed and remanded.