2020 IL App (2d) 190835-U
No. 2-19-0835
Order filed March 24, 2020

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| *In re* THE ESTATE OF CHARLES LEONARD BRANCATO, a Disabled Person, | ) ) ) ) ) ) ) ) ) | Appeal from the Circuit Court of Kane County. |
| | | No. 17-P-562 |
| (Brandon Brancato, Petitioner; Carol Brancato, Petitioner-Appellant v. Charles Leonard Brancato, Respondent-Appellee). | | Honorable John A. Noverini, Judge, Presiding. |

PRESIDING JUSTICE BIRKETT delivered the judgment of the court.
Justices Hudson and Brennan concurred in the judgment.

**ORDER**

¶ 1    *Held*: Removal of guardian was affirmed: although guardian claimed that she did not receive notice of or opportunity to participate in the hearing that resulted in her removal, the trial court heard her motion to vacate the removal, and without a complete record, we could not say that the court erred in denying her motion.

¶ 2    Petitioner, Carol Brancato, was appointed guardian of the person and estate of respondent, Charles Leonard Brancato, her husband. Charles filed an emergency motion to remove Carol and appoint a temporary guardian. The trial court granted the motion. Carol filed a motion to vacate the order. The trial court, "being fully advised," denied Carol's motion to vacate. Carol timely appealed, arguing that the court erred in removing her as guardian, because the emergency motion was presented without notice and a hearing. Because Carol has failed to provide us with a

sufficiently complete record of the proceedings on the motion to vacate, we presume that the trial court afforded Carol a full opportunity to be heard and properly rejected her arguments. Thus, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4     On September 22, 2017, Brandon Brancato, Charles's son, filed an emergency petition to be appointed temporary guardian (along with a petition to be appointed plenary guardian) of the person and estate of Charles. On that same day, the court appointed Brandon as temporary guardian. The court also appointed a guardian *ad litem* (GAL) for Charles.

¶ 5     On September 26, 2017, Carol petitioned to vacate the temporary guardianship. On October 2, 2017, the trial court transferred temporary guardianship to Carol.

¶ 6     On October 24, 2017, Carol cross-petitioned to be appointed plenary guardian of the person and estate of Charles. The trial court appointed Carol as plenary guardian and discharged the GAL. The court also ordered that Charles's three children—Brandon, Beth, and Matthew—be allowed to visit Charles on certain designated days and that Charles was not be left alone with Carol's son, Kevin.

¶ 7     On February 25, 2019, Carol filed a first current account and report. On May 6, 2019, Brandon filed an objection. On June 3, 2019, Carol filed a verified petition to revoke letters of guardianship, seeking power of attorney instead. On June 11, 2019, the court ordered Carol to allow unrestricted and unsupervised visitation between Charles and his three children. In addition, the court ordered an independent medical examination of Charles.

¶ 8     On June 17, 2019, Carol filed an emergency motion to vacate the June 11, 2019, visitation order, alleging that it was contrary to Charles's wishes and had led to multiple conflicts, which resulted in police intervention. The trial court reappointed the GAL to interview Charles. The

court further ordered Carol to give the GAL and Charles "total and complete privacy" during the interview.

¶ 9    The GAL filed its report on July 12, 2019. The GAL recommended, in Charles's best interests, that he continue to be allowed free visitation with his children, subject to reasonable hours based on Charles's daily schedule. The GAL further recommended that, should disputes continue to arise, it would be in Charles's best interest that independent counsel be appointed to represent him.

¶ 10    On July 16, 2019, the trial court denied Carol's motion to vacate the visitation order and ordered her to file an amended accounting. In addition, the court appointed an attorney for Charles.

¶ 11    On August 8, 2019, Charles, through his court-appointed attorney, filed an emergency motion to remove Carol as guardian and appoint a temporary guardian. The motion alleged that Carol had failed to provide recommended therapy, interfered with Charles's children's efforts to arrange for recommended therapy, and continued to interfere with Charles's children's visitation. The motion further alleged that Charles wished to have unrestricted contact with his children. Charles disagreed with Carol's efforts to terminate guardianship and suspected that she made the request to avoid filing financial reports with the court. According to the motion, Charles wanted Carol removed as guardian and replaced by the Kane County Public Guardian. He also wanted to be placed in a rehabilitation facility. Charles feared Carol's response to the motion and did not want Carol or her children to know where he was placed.

¶ 12    On August 8, 2019, the trial court revoked Carol's letters of guardianship, appointed Diana Law, the Kane County Public Guardian, as temporary guardian, and authorized her to remove Charles from his home and place him in an appropriate rehabilitation facility. The court further

authorized Law to remove any personal belongings from Charles's home and it gave Law complete discretion over visitation at the facility.

¶ 13    On August 14, 2019, Carol filed a motion to vacate the August 8, 2019, order. She argued that it was entered without the statutorily-mandated notice and hearing, that it was unsupported by affidavits, and that it did not allege the existence of any factors required to be considered prior to the removal of a guardian. She further argued that her home was "uniquely suited to meet the needs of the ward" and that "the quality of care" she provided was never in question. She argued that she had secured necessary medical treatment and therapy services for Charles. Carol attached three affidavits to the motion—one from her and one from each of her sons, Jeff Frank and Randy Frank.

¶ 14    On August 20, 2019, the trial court ordered Carol to turn over to the public guardian certain personal items belonging to Charles. The court further ordered the GAL to interview Charles and prepare a report.

¶ 15    The GAL filed its report on August 23, 2019, noting that Carol had objected to the order removing her as guardian, based in part on inadequate notice of the proceeding and a formal hearing. The GAL also noted that Carol wanted to visit Charles but did not know his whereabouts. The GAL indicated that he had reviewed the pleadings, met with Charles, and met with the nursing supervisor in charge of Charles's care. The GAL made the following recommendation:

"[I]t is my observation that CHARLES BRANCATO is currently in a comfortable living environment, having his immediate health care needs addressed and his desire to engage in therapy properly pursued. It is apparent to me that CHARLES does not have an interest in visiting with his wife, CAROL BRANCATO, or having her continue to act has [*sic*] his Guardian. CHARLES feels comfortable with the legal representation that he is receiving

from Attorney DANIEL PARSONS and is also comfortable with having the Public Guardian DIANA LAW continue to serve as his Guardian for the time being. In light of the foregoing it is my recommendation to the Court that the current status quo be maintained."

¶ 16 On August 27, 2019, the trial court entered the following order:

"This matter coming before the court for hearing on objections to the amended first account and report, status on discovery, to set a date on the previously filed petition for restoration (estate guardianship), and Carol Brancato's motion to vacate August 8, 2019 order; the court having received the further report of Guardian Ad Litem in this matter; and the court being fully advised: IT IS ORDERED:

(1) Carol Brancato's motion to vacate the order entered August 8, 2019 is hereby denied.

(2) The order entered August 8, 2019 remains in full force and effect.

(3) Carol Brancato's petition for restoration is withdrawn.

(4) The objection to the first current account and report are entered and continued pending the appointment of a plenary guardian of the person and estate.

(5) The parties will continue to investigate the subject of visitation for Carol with the ward.

(6) This matter is continued for status to September 17, 2019 ***

(7) John Hoscheit is discharged as GAL in this matter."

The record contains no transcript of the proceedings on August 27, 2019, and Carol has not filed a bystander's report or an agreed statement of facts. See Ill. S. Ct. R. 323(c), (d) (eff. Dec. 13, 2005).

¶ 17    On September 23, 2019, Carol filed a notice of appeal, seeking to appeal from the orders of August 8, 2019, August 20, 2019, and August 27, 2019.

¶ 18                                    II. ANALYSIS

¶ 19    Carol argues that the trial court erred in removing her as guardian, because the emergency motion did not comply with the procedural requirements of section 23-3 of the Probate Act of 1975 (Probate Act) (755 ILCS 5/23-3 (West 2018)), and Kane County Local Rule 6.13 and 8.21(a) (16th Judicial Cir. Ct. Rs. 6.13 and 8.21 (eff. Jan. 5, 2017)).  According to Carol, because she was not given notice of the motion or any opportunity to be heard, the order removing her as guardian must be vacated.

¶ 20    Charles argues that we do not have jurisdiction, because the trial court's order denying Carol's motion to vacate stated that the August 8, 2019, order remained in full force and effect and thus Carol had not yet been replaced as plenary guardian when she appealed.  We disagree.  The August 8, 2019, order expressly removed Carol as plenary guardian and her subsequent motion to vacate that order was denied.  Illinois Supreme Court Rule 304(b)(1) allows for an appeal from an "order entered in the administration of *** [a] guardianship *** which finally determines a right or status of a party."  Ill. S. Ct. R. 304(b)(1) (eff. Mar. 8, 2016).  Carol's status as guardian was finally determined when the trial court denied her motion to vacate, and thus the order is appealable.  See *Cushing v. Greyhound Lines, Inc.*, 2012 IL App (1st) 100768, ¶¶ 84-85.

¶ 21    We turn now to the merits.  Under section 23-3(a) of the Probate Act, "[b]efore removing a representative for any of the causes set forth in Section 23-2, the court shall order a citation to issue directing the respondent to show cause why he should not be removed for the cause stated in the citation.  The citation must be served not less than 10 days before the return day designated in the citation."  755 ILCS 5/23-3(a) (West 2018).  The representative whose removal is sought may

file a pleading. *Id.* § 23-3(c). "If on the hearing the court finds that he should be removed for any cause listed in Section 23-2, the court may remove him and revoke his letters." *Id.* "Although strict compliance with statutes is normally necessary, the requirements of section 23-3 are met when the trial court's procedures were 'substantially sufficient to [ensure] compliance with the intent and purpose of the Probate Act.'" *In re Estate of Tait*, 2017 IL App (3d) 150834, ¶ 19 (quoting *In re Estate of Abbott*, 38 Ill. App. 3d 141, 144-45 (1976)). "Illinois courts recognize that evidence of substantial compliance with section 23-3 is shown when a party was 'awarded a fair hearing' and was not 'prejudiced by formal deficiencies in procedure.'" *Id.* ¶ 20 (quoting *Abbott*, 38 Ill. App. 3d at 145).

¶ 22    A trial court's ruling on a motion to vacate will not be disturbed absent an abuse of discretion. *See In re Adoption of D.*, 317 Ill. App. 3d 155, 160 (2000). The appellant bears the burden of presenting a sufficiently complete record of the proceedings to support her claim of error. *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984); *Short v. Pye*, 2018 IL App (2d) 160405, ¶ 48. "[I]n the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis." *Foutch*, 99 Ill. 2d at 392. The presumption is especially strong when there is an indication that the trial court, in entering the challenged order, was "fully advised in the premises." (Internal quotation marks omitted.) *Short*, 2018 IL App (2d) 160405, ¶ 48.

¶ 23    Here, we acknowledge that the record supports Carol's claim that she did not receive notice or participate in the hearing prior to the trial court's entry of the August 8, 2019, order. Nevertheless, the record shows that Carol learned of the emergency motion and the court's resulting order and moved to vacate the order, raising numerous arguments. She had notice of the order and was given the opportunity to challenge it. For instance, she argued that the order was

entered without the statutorily-mandated notice and hearing, that the emergency motion was unsupported by affidavit, and that the emergency motion did not allege the existence of any factors required to be considered prior to the removal of a guardian. She further argued that her home was "uniquely suited to meet the needs of the ward" and that "the quality of care" she provided was never in question. She argued that she had secured necessary medical treatment and therapy services for Charles. Upon the filing of the motion to vacate, the trial court ordered the GAL to interview Charles and prepare a report for the next court date. The GAL's report was filed on August 23, 2019.

¶ 24    On August 27, 2019, the trial court, "being fully advised," denied Carol's motion to vacate, thereby rejecting Carol's arguments on the propriety of the granting Charles's emergency motion. Because Carol has failed to provide this court with a record of the proceedings on the motion to vacate, we must presume that the court's order was in conformity with the law and had a sufficient factual basis. Thus, despite the fact that the presentation of the emergency motion was not in strict compliance with the procedural requirements of section 23-3 of the Probate Act, we presume that the court nevertheless subsequently afforded Carol a full opportunity, at the hearing on the motion to vacate, to address her arguments concerning notice and her removal as guardian. Accordingly, we presume that the court substantially complied with section 23-3 of the Probate Act.

¶ 25                        III. CONCLUSION

¶ 26    For the reasons stated, we affirm the judgment of the circuit court of Kane County.

¶ 27    Affirmed.